count September 12, 1907. The petition for a review was presented to the court September 7, 1908. The only reason alleged for a review was that the commissions allowed the executors were excessive. If there was any merit in the reason set up, a sufficient answer to the petition was that the appellants had had their day in court. They were of full age, and were present or represented at the audits of the accounts. A review can be had as a matter of right in two cases only: for error on the face of the record, and for new matter that has arisen since the decree. It may be allowed ex gratia for after-discovered evidence as to facts on which the decree was founded, when it is shown that the evidence could not have been procured before the decree by the exercise of due diligence: Green's App., 59 Pa. 235; Le Moyne's App., 104 Pa. 321. In this case there was no error on the face of the record, and no allegation of new matter or of after-discovered evidence.

The order of the court is affirmed at the costs of the appellants.

---

# Purcell, Appellant, v. Riebe.

*Negligence—Sidewalks—Defects in pavement—Building operations— Temporary pavement—Overlapping—Pedestrian—Contributory negligence—Choice of ways.*

1. A mere elevation in a pavement is not negligence per se. The law does not require perfect sidewalks; the standard is reasonable safety.

2. Where in the construction of a building it becomes necessary to excavate the pavement or sidewalk, and, after the excavation and while the building is being erected, the contractor maintains a plank sidewalk, composed of planks two inches in thickness which overlap in the center of the pavement, making a step two inches high extending the width of the sidewalk, a woman who is injured by tripping on the overlapping planks is not entitled to recover where it appears from the testimony that she had passed the point in question a number of times, had seen the work in progress, knew that the pavement had been removed, the temporary structure put up, knew that there was a safer

way on the other side of the street and on a rainy, dark night chose the way of danger.

3. Where a person, having a choice of two ways, one of which is perfectly safe, and the other of which is subject to risks and dangers, voluntarily chooses the latter and is injured, such person is guilty of contributory negligence and cannot recover.

Argued Feb. 16, 1910. Appeal, No. 364, Jan. T., 1909, by plaintiffs, from judgment of C. P. Schuylkill Co., Jan. T., 1906, No. 138, on verdict for defendant by direction of the court in case of Michael Purcell and Margaret Purcell v. Herman Riebe. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for damages for personal injuries.
Verdict and judgment for defendant.

The facts appear in the following opinion by SHAY, P. J.:

This was a suit brought by Michael Purcell and Margaret Purcell against Herman Riebe, a contractor, to recover damages for personal injuries sustained by Margaret Purcell in passing over the pavement in front of a building being erected by the said Herman Riebe, on the night of September 11, 1905. Herman Riebe had the contract for the erection of a new tank building in the borough of Tamaqua, and in the process of the construction of this building it was necessary to excavate the pavement or sidewalk for the purpose of a cellar, which was afterwards covered over with a flag pavement resting on steel I-beams. After the excavation, and while the building was being erected, Riebe maintained a plank sidewalk, composed of planks two inches in thickness. About the center of this pavement these planks overlapped, making a step two inches high, extending the width of the sidewalk.

The plaintiff in her testimony admitted that she had passed over this pavement at least sixteen times before the night of the accident. She knew that building operations were going on there; she knew that the other side of the street was unobstructed and safe for passage. She testified that on the night in question it was raining; that it was after dark, between seven and eight o'clock, when she came along there on

her way to church; that she did not see this step, although she had passed over it, as we said before, at least sixteen times. She tripped and fell, and sustained some injury. The young man who went to her rescue testified that he saw this obstruction; that the light from the store window to the building in process of erection permitted him to see it, and he avoided this step.

At the end of the plaintiff's testimony we were asked to direct a nonsuit, but we refused because there was nothing in the testimony at that time to determine how long the pavement had existed in that condition, or how often this woman had passed over it. At the end of the testimony of the defendant this point was cleared up, and the evidence was undisputed, as we have detailed above. We, therefore, gave binding instructions in favor of the defendant, and in this conclusion we think we were correct.

A mere elevation in a pavement is not negligence per se. This has been held frequently by our higher courts, as in the case of Mason v. Phila., 205 Pa. 177; King v. Thompson, 87 Pa. 365; Wright v. Lancaster, 203 Pa. 276; Reed v. Tarentum Boro., 213 Pa. 357; Borough of Easton v. Neff, 102 Pa. 474. In Beck v. Germantown Cricket Club, 37 Pa. Superior Ct. 521, Mr. Justice Morrison says: "The happening of an accident on the sidewalk is not enough to establish negligence on the part of the person whose duty it is to construct and keep the sidewalk in repair. A mere depression of one-fourth of an inch in a board of a plank sidewalk otherwise sound and in good condition, is not sufficient to carry the question of the negligence of the owners of the sidewalk to a jury. It is only requisite that the sidewalk should be maintained in a reasonably safe condition. When we consider the standard of ordinary usage, in regard to slight depressions in sidewalks and pavements, it was unreasonable for the court to consider so slight a depression in a sidewalk as a dangerous defect. The law does not require perfect sidewalks; the standard is reasonable safety."

Again, we think the plaintiff was clearly guilty of contributory negligence. Having passed over this very sidewalk for

sixteen times prior to the night of the accident, at least, if she had used her eyes she would undoubtedly have known that this inequality existed in the temporary sidewalk erected at this building, and, as we said in directing the verdict, the fact that building operations were going on there was notice to her of a change of condition, and she should have exercised more care than ordinarily is required in passing over the sidewalks of a city. She could have taken the other side of the street, which was free from obstructions and perfectly safe to walk upon. As we say, the fact that building operations were going on there, that stone was piled upon both sides of this walk, was notice to any person that the pavement was not in its ordinary condition, and when persons choose to go the more dangerous route when there is another route which they can take which is not dangerous, and they are injured, the risk is their own, and they cannot recover. We think the case of Haven v. Bridge Co., 151 Pa. 620, is very similar to the one at bar, where the Supreme Court say: "Where a person, having a choice of two ways, one of which is perfectly safe, and the other of which is subject to risks and dangers, voluntarily chooses the latter and is injured, he is guilty of contributory negligence and cannot recover." In the opinion of the court they say the following: "Just so in the present case. The plaintiff knew that the footway was being destroyed. She knew that men were at work taking up the planks, and that necessarily there would be obstructions in the form of loose planks and openings in the footway, but she plainly thought there was no danger, and apparently did not even look for obstructions. She had a perfectly safe way to go, by simply keeping on the path over the roadway on which she was walking. But she chose the other and more dangerous way and, of course, she took her chances. But the visible signs of the actual work going on and the destruction of a large part of the footway which she says she saw, were amply sufficient to apprise her of the dangers to be avoided." So here, this woman had passed this point a number of times, had seen the work in progress, knew that the pavement had been removed and this temporary structure put up, knew that there was a safer way.

on the other side of the street, and on rainy, dark night she chose the way of danger, and in our opinion has no right to recover: Forks Township v. King, 84 Pa. 230; Bechtel v. Mahanoy City Boro., 30 Pa. Superior Ct. 135; Hill v. Tionesta Township, 146 Pa. 11; Bailey v. Brown Township, 190 Pa. 530.

We will not consume more time in distinguishing the long list of cases cited by plaintiffs' counsel in support of his motion for a new trial. It suffices for us to say that we have gone over them carefully and do not think that the facts in those cases are the same as in the one at bar. In our judgment, the present case is ruled by those we have cited above, and we, therefore, overrule the motion for a new trial.

And now, June 21, 1909, the motion for a new trial is overruled, and judgment is directed to be entered for the defendant sur verdict upon payment of the jury fee.

*Error assigned* was in directing verdict for defendant.

*J. O. Ulrich*, for appellants, cited: Conyngham v. Motor Co., 15 Pa. Superior Ct. 573; Swanwick v. Monongahela City, 36 Pa. Superior Ct. 628; Chambers v. Braddock Boro., 34 Pa. Superior Ct. 407; Brown v. Milligan, 33 Pa. Superior Ct. 244; Conroy v. Pittston, 222 Pa. 1; Reynolds v. Phila., 221 Pa. 51; March v. Phœnixville, 221 Pa. 64; Moore v. Wilkes-Barre, 218 Pa. 302; Steck v. Allegheny, 213 Pa. 573; Mountz v. North Versailles Township, 223 Pa. 163.

*George M. Roads*, with him *R. Albert Freiler*, for appellee, cited: Mason v. Phila., 205 Pa. 157; King v. Thompson, 87 Pa. 365; Kelchner v. Nanticoke, 209 Pa. 412; Wright v. Lancaster, 203 Pa. 276; Reed v. Tarentum Boro., 213 Pa. 357; Beck v. Germantown Cricket Club, 37 Pa. Superior Ct. 521; Shallcross v. Phila., 187 Pa. 143; Robb v. Connellsville, 137 Pa. 42; Stackhouse v. Vendig, 166 Pa. 582.

PER CURIAM, March 21, 1910:

The judgment is affirmed on the opinion of the learned judge before whom the case was tried.