## Rothacker *v.* Philadelphia, Appellant.

*Practice, C. P.—Motion for judgment non obstante veredicto—Exception—Appeals.*

1. A party asking for a judgment non obstante veredicto and failing to secure it must ask for and obtain an exception.  The court is not required to grant an exception and place it in the record, unless it is asked for by the ruling party.  An assignment of error to such ruling of the court without an exception having been allowed will not be considered.

*Negligence—Municipalities—Sidewalks—Ice and snow—Evidence.*

2. In an action to recover damages for personal injuries sustained by a fall on an ice-covered sidewalk, the question of the municipality's negligence is for the jury, where a number of witnesses testify that an unusual amount of snow had fallen during the winter, that the sidewalk had not been cleaned during the winter, that the only passable place thereon was a narrow path described by one of the witnesses as a snake path, and that the obstruction had continued for a long time prior to the date of the accident.

3. In such a case the plaintiff is chargeable with contributory negligence as a matter of law where the evidence shows that when the plaintiff approached the pavement she saw its dangerous condition, that she could have avoided it by going upon the cartway or to the opposite sidewalk both of which were clear and in good order, and that she persisted in going along the obstructed sidewalk for about fifty feet before the accident occurred.

Argued Oct. 14, 1909.   Appeal, No. 13, Oct. T., 1909, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1905, No. 1,357, on verdict for plaintiff in case of Charlotte Rothacker v. Philadelphia.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Trespass to recover damages for personal injuries.   Before STAAKE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,500.   Defendant appealed.

*Errors assigned* were (1) refusing binding instructions for defendant; (2) refusal of motion for judgment non obstante veredicto.

*Frederick Beyer*, with him *Robert Brannan*, assistant city solicitors and *J. Howard Gendell*, city solicitor, for appellant.— There is no evidence of any obstruction in this path of which the city was bound to take notice, and all the testimony negatived such a thought, and even if there had been such obstruction, there is no evidence with regard to the character of the same, or as to the length of time it had existed: Dehnhardt v. Phila., 15 W. N. C. 214; Gardner v. Phila., 221 Pa. 247; McCabe v. Phila., 217 Pa. 140; Garland v. Wilkes-Barre, 212 Pa. 151; Ingram v. Phila., 35 Pa. Superior Ct. 305.

The plaintiff was guilty of contributory negligence in walking upon an accumulation of ice, or snow, if, as so contended by her, it had been a source of danger, and she being in nowise prevented from conveniently avoiding it: Sickles v. Phila., 209 Pa. 113; Dehnhardt v. Phila., 15 W. N. C. 214; Fleming v. Lock Haven, 15 W. N. C. 216; Shallcross v. City, 187 Pa. 143; Dwyer v. Port Allegheny Borough, 216 Pa. 22; City of Erie v. Magill, 101 Pa. 616; Haven v. Bridge Co., 151 Pa. 620.

*William J. Smyth*, for appellee.—The municipality was guilty of negligence: Dehnhardt v. Philadelphia, 15 W. N. C. 214; Moore v. City, 33 Pa. Superior Ct. 194; Steck v. Allegheny, 213 Pa. 573; Reynolds v. Philadelphia, 221 Pa. 51; Gardner v. Philadelphia, 221 Pa. 247; Holbert v. Philadelphia, 221 Pa. 266.

Appellee was not guilty of contributory negligence: Mellor v. Bridgeport, 191 Pa. 562; Dean v. City of New Castle, 201 Pa. 51; Reed v. Schuylkill Haven Boro, 22 Pa. Superior Ct. 27; Butcher v. Philadelphia, 202 Pa. 1; Brown v. White, 206 Pa. 106.

OPINION BY MORRISON, J., April 18, 1910:

On the afternoon of February 15, 1905, the plaintiff, Charlotte Rothacker, with her daughter, a young lady, left thier

home at the corner of Thirty-first and Master streets in the city of Philadelphia and they proceeded to Thirty-second street and traveled north on that street to No. 1731 where they called upon a friend. Number 1731 is on the east side of Thirty-second street. About 5 o'clock of the same afternoon, the plaintiff and her daughter were going home along the east side of Thirty-second street and they came to a pavement in front of a vacant lot and when in about the middle of the 100 feet of said pavement fronting said lot, the plaintiff slipped and fell and was seriously injured. The vacant lot was separated from the pavement by a board fence and according to the evidence of the plaintiff and her daughter and six or eight other witnesses, called by the plaintiff, the pavement where she fell was very badly obstructed with snow and ice and it had been in that condition for a long time. The defendant offered no evidence but requested the learned court below to give a binding instruction to the jury in favor of the defendant. This point was refused and the court noted an exception for the defendant. The first assignment of error is based upon this point and answer.

The learned court submitted the case to the jury upon the questions of the defendant's negligence and the contributory negligence of the plaintiff. The jury having found a verdict in favor of the plaintiff, defendant's counsel moved for judgment non obstante veredicto. This motion was subsequently refused by the court below. This gives rise to the second assignment of error which is that the court below erred in refusing to grant defendant's motion for judgment non obstante veredicto upon the whole record.

We have carefully examined the record and find no exception to this action of the court and therefore we cannot sustain the second assignment. We have repeatedly held that under the provisions of the Act of April 22, 1905, P. L. 286, an exception must be granted to the party against whom the decision is rendered on a motion for judgment non obstante veredicto, and if no such exception is granted, an appeal from such order will be quashed. See International Savings & Trust Company, Appellants, v. Printz, 37 Pa. Superior Ct.

134; McGinnis v. St. Paul Fire & Marine Insurance Co., 38 Pa. Superior Ct. 390. Those cases establish the rule in this court that the party asking for a judgment non obstante veredicto and failing to secure it, must ask for and obtain an exception, otherwise an appeal from the action of the court will be quashed; and that the court is not required to grant an exception and place it in the record, unless it is asked for by the losing party. In addition to this, on March 3, 1910, we filed a per curiam opinion at Williamsport quashing an appeal because the record failed to show that an exception to the action of the court upon the motion for judgment non obstante veredicto was asked for or granted.

We further note that the printed record in the present case does not disclose even a general exception to the charge, but there is an exception noted to the refusal of the court to give a binding instruction in favor of the defendant.

The learned counsel for the appellant has devoted considerable time and space in arguing and citing authorities in support of the proposition that the evidence is not sufficient to warrant a jury in convicting the defendant of negligence. We cannot agree with this contention. We find in the record the testimony of six or eight witnesses, in addition to the plaintiff's own testimony, tending to establish the fact that the pavement in front of the vacant lot, where the accident occurred, had been badly obstructed with ice and snow for a long time previous to February 15, 1905; that on the day of the accident the snow and ice was piled upon this pavement to a considerable thickness and that the only passable place thereon was a narrow path about a foot wide leading along the pavement near the board fence and at least one of the witnesses describes it as a snake path, meaning, we suppose, that it was crooked and irregular; several of the witnesses testified that there had been an unusual amount of snow and ice in Philadelphia during that winter and that this 100 feet of pavement had not been cleaned during the winter. We think there was ample evidence from which the jury could find the negligence of the defendant. There is, therefore, nothing important left in the record for consideration, except the question

of whether the court should have given a binding instruction in favor of the defendant on the ground of the contributory negligence of the plaintiff.

On February 15, 1905, the sun set about 5.33 o'clock P. M., and as the plaintiff and her daughter fix the time of the accident at 5 o'clock of the same afternoon, they, therefore, approached this obstruction of snow and ice on the sidewalk in daylight. Their own testimony shows that they had to walk single file in the narrow path and that the snow and ice was considerable higher than the path on each side. The plaintiff testified in part as follows:

"Q. At the time you passed over this sidewalk you observed that there was an accumulation of ice and snow? A. Yes. Q. That is right, isn't it? A. Yes, that is right. Q. And you said there was a pathway running through this accumulation of ice and snow—that is correct, is it not? A. Yes. Q. Did you travel on the pathway, or did you travel on the snow? A. We traveled on the pathway. We couldn't do any better— couldn't do no other way." Again she said: "Q. You had found the sidewalks perfectly clear on the west side when you traveled there on your journey to visit your friend? A. Yes. Q. Why didn't you walk over on Columbia avenue to the west side of Thirty-second street on your return, the same as you had done on going there? A. Well, we were on that side, we were there in the path and we couldn't get out anymore—it was too slippery." Again she testified: "Q. I say as you came to the lot you were able to see that it was not clean—that is true is it not? A. Yes. Q. And there were these ridges over this accumulation of snow that you speak of? A. Yes. Q. And between these accumulations of snow was this path upon which you slipped—that is right? A. That is right." The daughter who was with the plaintiff describes the pavement as thickly covered with ice and snow and after we got on it we found we could not cross over again. It was too slippery and the whole pavement was covered with ice so we could not cross over. She describes the path and says the sides of the path were all ice, both sides were higher and even more hilly than the path was.

Now it will be remembered that the plaintiff and her daughter had passed along Thirty-second street going north about an hour before the accident; they claim to have been on the opposite side of the street when they passed this vacant lot and all of the witnesses agree that the street, including the sidewalk opposite the obstructed pavement, were clear and in good order.  There is considerable testimony that the snow and ice was of such a ·character where the accident occurred that people avoided it, some walking in the street, and others going across to the sidewalk on the west side.  The evidence shows that the plaintiff and her daughter had traveled along the path on this obstructed sidewalk for about fifty feet before the accident occurred.  From the evidence of all of the witnesses who described the condition of the sidewalk, the inference is certain and irresistible that when the plaintiff and her daughter approached this ice obstructed pavement, they saw it was dangerous, yet they voluntarily attempted a known dangerous way which could, without inconvenience, have been avoided by simply stepping out into the street and going past the obstructed 100 feet of walk, or they could have crossed the street and gone towards their home on the west side thereof where the walk was in excellent condition as they well knew because they had passed over it about an hour before.

A careful examination of all of the testimony leads a majority of this court to the conclusion that the case is ruled by Dwyer v. Port Allegany Borough, 216 Pa. 22.  Indeed, the cases are so similar in their facts that the opinion of Mr. Justice STEWART, in affirming the court below in refusing to take off a compulsory nonsuit, almost seems as if it was written to apply to the present case.  But in the Port Allegany case, the plaintiff testified that it was dark when he undertook to pass over the ice obstructed sidewalk.  He also testified: "When I first started on the walk I didn't know the condition of it."  But in the present case, the plaintiff and her daughter saw the condition of the sidewalk; they saw that they had to follow a narrow, crooked path, slippery in the bottom and with a ridge or bank of ice on each side of the path, and they attempted this known and dangerous way and proceeded about

fifty feet when the accident occurred. We refrain from discussing the other cases cited by the respective counsel for the reason that we are unable to see why the Port Allegany borough case does not convict the court below of error in refusing to instruct the jury that the plaintiff could not recover on account of her own contributory negligence.

We sustain the first assignment of error and reverse the judgment, and judgment is here entered in favor of the defendant.