## Hincken *v.* Beechview Borough, Appellant.

*Negligence—Boroughs—Defective sidewalk—Contributory negligence.*

In an action by a woman against a borough to recover damages for personal injuries sustained by a fall on an alleged defective sidewalk, a verdict and judgment for plaintiff cannot be sustained, where the evidence shows that several weeks before the accident a section of a boardwalk which covered the sidewalk had been removed; that the plaintiff had been over the place five times before; that the accident happened in broad daylight on a sunshiny afternoon; that plaintiff's view was unobstructed; that on the morning of the accident the ice and snow which had previously covered the ground had thawed, rendering the ground slippery; but that the place was not essentially and continuously dangerous. In such a case, the plaintiff's contributory negligence prevents her recovery.

Argued April 17, 1912. Appeal, No. 105, April T., 1912, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1908, No. 975, on verdict for plaintiff in case of George Hincken and Mary Hincken, his wife, v. Beechview Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries. MACFARLANE, J.

The facts relating to the accident are set forth in the opinion of the Superior Court.

Verdict and judgment for George A. Hincken for $400, and for Mary G. Hincken for $400.   Defendant appealed.

*Error assigned* was in refusing to grant motion for judgment for defendant non obstante veredicto.

*Harry Diamond*, with him *C. A. O'Brien*, for appellant, cited: Hendrickson v. Chester, 221 Pa. 120; Kennedy v. Philadelphia, 220 Pa. 273; Smith v. New Castle, 178 Pa. 298; Hill v. Tionesta Twp., 146 Pa. 11; Steck v. Allegheny, 213 Pa. 573; Lerner v. Philadelphia, 221 Pa. 294.

*R. S. Martin*, with him *Jere Carney*, for appellees, cited: Rife v. Middletown, 32 Pa. Superior Ct. 68; Baylor v. Stevens, 16 Pa. Superior Ct. 365; Miller v. Montgomery Boro., 39 Pa. Superior Ct. 597; Chambers v. Braddock Boro., 34 Pa. Superior Ct. 407; Jordan v. Phila., 29 Pa. Superior Ct. 502; Reynolds v. Phila., 221 Pa. 51; March v. Phœnixville Boro., 221 Pa. 64; McManamon v. Hanover Twp., 232 Pa. 439.

OPINION BY MORRISON, J., July 18, 1912:

The plaintiffs were husband and wife and resided in the city of Philadelphia.   The wife, Mary G. Hincken, had been in the borough of Beachview, Allegheny county, for about two weeks preceding the alleged accident to her on a sidewalk, visiting her son, Everett Hincken, who at that time and for ten months preceding lived in the Henderson apartments in Beachview borough.   The Henderson apartments were located at the corner of Eighth and Trenton avenues.   From these apartments to Seventh and Trenton avenues was about 200 feet.   The grade on Eighth avenue between the apartments and the street below where the accident occurred was about thirty per cent, was unpaved and had no sidewalk except a boardwalk.   The plaintiff's testimony was that she

left the apartments about 10 o'clock A. M. to get a train .
for Philadelphia which would leave Pittsburg at 1.30 P. M.
and that it took about twenty-two minutes to get to the
depot. Going from the apartments to the street car
line down Eighth avenue on the left-hand side there was
a boardwalk built in a series of terraces. For several
weeks before the accident two sections of the boardwalk
had been removed in front of a schoolhouse which sat
back from the roadway to enable wagons to drive in and
out of the school yard. For several days before the
accident there were ice and snow on the ground and on
the morning of the accident the weather moderated,
thawing the ground and rendering it slippery at the place
of the accident. There was no sufficient evidence, nor
allegation in the declaration, that the ground where the
accident happened was defective in any manner, nor was
it sufficiently alleged and proved that the place of the
accident was essentially and continuously dangerous.

On the morning of the accident, in company with her
son and daughter-in-law, Mrs. Hincken started down
Eighth avenue and when she walked over the ground
where the sections of the boardwalk had been removed,
she slipped in the mud and fell and sustained the injuries
to secure damages for which this suit was brought. The
accident happened in broad daylight on a sunshiny fore-
noon. Mrs. Hincken testified that she was looking care-
fully and that she had previously been over this place
five several times. She testified: "Q. Just as you got to
the place where the accident occurred you were still
walking carefully? A. I certainly was. Q. And you were
still looking down? A. I knew that bad place was com-
ing, and I took every precaution." She further testified
that the sun was shining and that the ground was slippery
where the sidewalk had been removed.

The material allegation in the declaration is as follows:
"On said street at a point near South avenue, two sec-
tions of the boardwalk which was there laid for the use
of pedestrians had been taken up rendering the said side-

walk dangerous for any person who might happen to pass that way, and the said defendant had been repeatedly notified of the dangerous condition existing by reason of the boards having been taken up." We therefore have this condition—a section of the board sidewalk had been removed for some time; this required foot passengers to walk on the ground at this point instead of on the board-walk. There is no allegation that the ground was uneven or in bad condition or that there was any hidden or partially hidden danger there. It was simply a place where the boards had been removed, and the injured woman was quite familiar with the place, having walked over it five different times, and she says she was looking for this place and of course she saw the conditions, and she says that on account of the bright sunny morning the ground had thawed and it was slippery. She there-fore knew precisely what the condition of the place was and she and her son, in whose care she was, volunteered to walk over this slippery place with the result that Mrs. Hincken slipped and fell. The son was a witness, and he testified that he had long considered this a dan-gerous place, yet he led his mother onto it on this morning while the evidence shows that it could easily have been avoided. Upon this state of facts we think Mrs. Hincken was clearly guilty of contributory negligence and that the learned court erred in submitting her case to the jury.

At the trial the defendent presented a point as follows: "Under all the evidence the verdict of the jury should be for the defendant." *Answer:* "Refused." Defendant's fourth point was as follows: "Plaintiff having admitted that she was familiar with the dangerous nature of the sidewalk at the place of the accident; that her view was unobstructed; that the day was clear, the jury must find for defendant if it finds that if plaintiff had looked she could have seen any obstruction and avoided the acci-dent." *Answer:* "Refused." We think both of these points ought to have been affirmed. The only assignment of error is that the court erred in refusing to grant the

motion for judgment for defendant non obstante vere-
dicto. The court directed judgment on the verdict which
was entered November 18, 1911, and we find no exception
in the record to this, except a short entry in the copy of
the appearance docket as follows: "Exception sealed for
defendant." But under the recent Act of May 11, 1911,
P. L. 279, it does not seem to be necessary to have an
exception noted to the refusal to enter judgment non
obstante veredicto in the present case because the judg-
ment was not refused and judgment entered on the
verdict until November 18, 1911, when said act was in
force.

In deciding this case we are disposed to assume that
the declaration is sufficient and that the plaintiff, Mrs.
Hincken, had a right to travel down Eighth avenue at
the time of the accident, if with her knowledge of the
condition of the sidewalk owing to what she had seen
before and what she saw at the time of the accident she
saw fit to take the risk of going over that sidewalk. But
the view we take of her case is that her full knowledge of
the conditions existing there prevents her and also her
husband from recovering because she was guilty of con-
tributory negligence.

In Hendrickson v. Chester, 221 Pa. 120, the Supreme
Court said: "It was not shown that the place of the
accident was essentially or continuously dangerous,
though it might become so from time to time when the
ice melted in the day and froze in the night. There was
no accumulation of ice or snow that remained there all
the time. This resulted in a temporary and changeable
condition dependent on the variation of the weather and
it appeared that on the day preceding the evening of the
accident the ice had melted and the street was clear.
The learned judge was of opinion that the most that was
shown 'was a general slippery condition of the street
which occurs in all cities in winter time.' We have not
been convinced that this was an erroneous view." In the
present case there was simply a portion of the sidewalk

removed which left the ground for pedestrians to walk upon. There is no allegation that this ground was essentially dangerous, but the plaintiff's own testimony is that on the morning of the accident the sun was shining and that the ground was muddy and slippery and she slipped and fell. The only fair inference from this testimony is that this slipperiness, which caused her fall, occurred from the sunshine of that forenoon and of course this condition had not existed for a sufficient length of time to visit the city authorities with constructive notice. When the plaintiffs failed to show that the condition existing at the place of the accident had been essentially dangerous for a considerable length of time, they failed to make a case. It is true that there is some evidence which amounts to the opinion of witnesses that this was a dangerous place, but the actual description of the place tends strongly to establish the fact that the removal of the section of the sidewalk did not create a dangerous place. But, whatever the condition was, the plaintiff, Mrs. Hincken, was familiar with it, and the accident happened in broad daylight on a bright day and she saw, or was bound to see, the exact condition before she walked upon this spot of ground.

In Lerner v. Philadelphia, 221 Pa. 294, there is a very concise and interesting opinion of the Supreme Court delivered by Mr. Justice STEWART which is closely in point in the present case. In that opinion it is said: "When the accident occurs in broad daylight, in consequence of an open and exposed defect in the sidewalk, the burden rests upon the party complaining to show conditions outside of himself which prevented him seeing the defect, or which would excuse his failure to observe it. If such conditions exist, there is excuse for walking by faith. When they do not exist, the law charges the party with failure to do what was required of him. And that is this case. The accident occurred at half past four o'clock in the afternoon of an April day. The defect in the pavement was the displacement of some bricks. Into the de-

pression caused by this displacement plaintiff stepped, with the result that she fell and injured herself. In bringing her action she assumed the burden of exhibiting a case clear of contributory negligence." In that case the court below entered a compulsory nonsuit and refused to take it off and the Supreme Court affirmed the judgment.

In Kennedy v. Philadelphia, 220 Pa. 273, it was held as stated in the syllabus: "A woman who trips over a block of cement raised by the root of a tree four inches above the level of a sidewalk, cannot recover from the city for her injuries, if it appears that she knew of the defect, that her view was unobstructed, that the day was clear, and that if she had looked she could have seen the obstruction and have avoided the accident." We also refer to Rothacker v. Philadelphia, 42 Pa. Superior Ct. 408, and Dwyer v. Port Allegany Borough, 216 Pa. 22.

Our conclusion is that the learned court below erred in refusing to enter judgment in favor of the defendant non obstante veredicto.

The judgment is reversed and judgment is here entered in favor of the defendant.