## Boland *v.* Scranton City, Appellant.

*Negligence—Municipalities—Hole in sidewalk of street—Contributory negligence.*

1. One is not required in walking along a traveled highway, to keep his eyes fastened upon the ground continually to discover points of possible danger, nor is it necessary that he should in order to avoid exposed pitfalls lying directly in the path before him; but the law does require that he be observant of where and how he is going, so as to avoid dangers which ordinary prudence would disclose.

2. In an action against a city to recover damages for personal injuries sustained by stepping into a hole in a sidewalk, the evidence showed that on a clear day with a crowded pavement before him, the plaintiff ran close to the curb line for some distance and then left the sidewalk to go diagonally across the street to get on a street car. In leaving the pavement he stepped on the side of a hole which was in the sidewalk and next to the curb, which was about six inches wide, twelve inches long and six inches deep, and situated five or six feet distant from an iron pole eight inches in diameter, which it is urged, obstructed his view, as he was coming from the opposite direction. After passing the hole, he made one clear step and while taking the second met with the accident for which he claimed damages. *Held,* that the plaintiff was not entitled to recover.

Argued March 3, 1915. Appeal, No. 33, March T., 1915, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1912, No. 313, on verdict for plaintiff in case of P. J. Boland v. Scranton City. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J., specially presiding.

At the trial it appeared that plaintiff was injured on June 3, 1912, by stepping into a hole or depression in the sidewalk on the south side of Lackawanna avenue in the city of Scranton and opposite property No. 228. The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $750. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*A. A. Vosburg, David J. Davis* and *Will Leach,* for appellants.—There was no case for the jury: Benton v. Philadelphia, 198 Pa. 396; Robb v. Connellsville Boro., 137 Pa. 42; Kennedy v. Philadelphia, 220 Pa. 273; Lerner v. Philadelphia, 221 Pa. 294; Smith v. Philadelphia, 217 Pa. 118.

*Henry W. Mulholland, W. J. Fitzgerald, John P. Kelly,* and *Joseph O'Brien,* for appellee.—The case was for the jury: Milton v. Philadelphia, 229 Pa. 174; Lerner v. Philadelphia, 221 Pa. 294; Brown v. Milligan, 33 Pa. Superior Ct. 244; New Castle v. Kurtz, 210 Pa. 183; Brader v. Lehman Twp., 34 Pa. Superior Ct. 125; Forker v. Sandy Lake Boro., 130 Pa. 123; Becker v. Philadelphia, 212 Pa. 379; Ford v. Philadelphia, 45 Pa. Superior Ct. 404; Rementer v. Philadelphia, 41 Pa. Superior Ct. 354.

OPINION BY ORLADY, J., April 19, 1915:

The duty imposed by the law on the plaintiff in this case is fairly stated in Lerner v. Philadelphia, 221 Pa. 294, to have been, "One is not required in walking along a traveled highway, to keep his eyes fastened upon the ground continually to discover points of possible danger;

nor is it necessary that he should in order to avoid exposed pitfalls lying directly in the path before him; but the law does require that he be observant of where and how he is going, so as to avoid dangers which ordinary prudence would disclose."

On a clear day, with a crowded pavement before him, the plaintiff ran close to the curb line for some distance and then left the sidewalk to go diagonally across the street to get on a street car. In leaving the pavement he stepped on the side of a hole, which was in the sidewalk and next to the curb, which was about six inches wide, twelve inches long and six inches deep, and situated five or six feet distant from an iron pole eight inches in diameter, which it is urged, obstructed his view as he was coming from the opposite direction. After passing the pole, he made one clear step and while taking the second met with the accident for which he claims the city is liable in damages.

The defect in the pavement was open and plainly visible to pedestrians, and while the city may have been negligent in allowing such a break in the continuity of the sidewalk, the plaintiff clearly establishes his own negligence as a contributing cause of his injuries.

A municipal corporation is not an insurer against accidents upon streets and sidewalks; nor is every defect thereon, though it may cause the injury sued for, actionable if the highways are in a reasonably safe condition for traveling in the ordinary modes. He must have known that the iron post would obstruct his view in approaching the place where he left the sidewalk to go to the street car, and had he used the sidewalk in the usual and ordinary manner he would as evidently, have seen the defect in time to avoid it, as he states, "I didn't pay much attention to the people and it was the second step that took me to the depression."

It is not in itself contributory negligence to run along a sidewalk, but when one elects to adopt that speed he

must proportion his observation of defects which are apparent and easily avoided to his haste. His movement was under his own control; he rejected the opportunity to look where he stepped, when looking would have given ample notice of the hole, and, had he been walking in the ordinary manner, could have avoided it. He made the circumstances unusual by running and 'ncreased the measure of care he should use. He frankly states that he was looking at the car and not where he stepped. As he intended leaving the sidewalk immediately after passing the post, the law required him to exercise care according to the circumstances as then presented. Being intent on looking at the car, he did not take time to observe where his foot would rest. In this he was careless, and that carelessness contributed to the accident, and prevents his recovery: Lerner v. Philadelphia, 221 Pa. 294; Kennedy v. Pittsburg, 230 Pa. 244; Hincken v. Beechview Borough, 50 Pa. Superior Ct. 540. The judgment is reversed, and judgment is now directed to be entered for the defendant.