# Haughney, Appellant, v. Mahanoy City Borough.

*Negligence—Boroughs—Creek in middle of street—Safer route—Failure to look—Contributory negligence—Province of court.*

Although a borough may be grossly negligent in failing to maintain guards along a creek, which flows through the middle of a street, yet a woman pedestrian cannot recover damages from the borough for injuries sustained by falling into the creek on a dark night, where it appears that she was familiar with the street, that she had three other routes safer and better lighted which she might have taken, and that she testifies that she did not look to see where she was going, that she knew of the open stream in the middle of the street, but that she did not look for it.

Argued Feb. 18, 1919. Appeal, No. 221, Jan. T. 1919, by plaintiff, from judgment of C. P. Schuylkill Co., Sept. T., 1916, No. 27, for defendant n. o. v., in case of Catharine Haughney v. Mahanoy City Borough. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KOCH, J.

At the trial the jury returned a verdict for plaintiff for $5,000. Subsequently the court entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was in entering judgment for defendant n. o. v.

A. D. Knittle, for appellant.—That plaintiff knew of the danger does not convict her of contributory negligence, if the danger was of such a character that it was not inevitable that in taking that street she must encounter, and test the danger: Rick v. Wilkes-Barre, 9 Pa. Superior Ct. 399; Wertz v. Girardville Borough, 30 Pa. Superior Ct. 260; Borough of Easton v. Neff, 102 Pa.

474; McCue v. Knoxville Borough, 146 Pa. 580; Forker v. Sandy Lake Borough, 130 Pa. 123.

*John F. Whalen,* with him *George Ellis,* for appellee. —We submit that there can be no question that on the plaintiff's testimony she made a clear admission of negligence in her effort to travel Market street on the night in question: Dougherty v. Phila., 210 Pa. 591; Watts v. Plymouth Borough, 255 Pa. 185.

OPINION BY MR. CHIEF JUSTICE BROWN, April 28, 1919:

Mahanoy City Borough is a populous town. Market or Water street runs through it from east to west, and Mahanoy creek flows along the middle of this street throughout its entire length. The creek—about sixteen feet wide—is from seven to eleven feet below the surface of the street, on each side of which there is a roadway about sixteen feet wide. On each side of the creek there is a retaining wall reaching almost to the surface of the street, but there are no barriers or guards of any kind along these walls for the protection of pedestrians or travellers on the street. On the night of March 22, 1915, between eight and nine o'clock, the plaintiff, a woman of about sixty years of age, while walking along the north side of Market street, fell over the retaining wall into the creek, and to recover damages for the injuries sustained she brought this action, charging as the proximate cause of them the negligence of the city in failing to maintain proper guards along the walls. A verdict resulted in her favor, but judgment was subsequently entered for the defendant non obstante veredicto, on the ground of her contributory negligence. That the borough was grossly, criminally negligent in failing to guard Market street properly on each side of Mahanoy creek is beyond all doubt, and what we said of a situation somewhat similar, but not nearly so bad, may well be repeated here: "The testimony discloses the grossest carelessness on the part of the borough authorities in maintaining a dangerous pit-

fall, within the lines of the street, which the judicious expenditure of a few dollars could have obviated: Corbalis v. Newberry Township, 132 Pa. 9. If those whose duty it is to keep public highways in a reasonably safe condition for public use were properly dealt with and adequately punished for their negligence, there would be fewer nuisances and mantraps maintained in public streets and highways": Merriman v. Phillipsburg Borough, 158 Pa. 78.

Judgment was entered for the defendant in view of what the court below regarded as the plaintiff's "undoubted contributory negligence." No other conclusion was possible. In the opinion sustaining defendant's motion for judgment the learned court quoted page after page from the testimony of the plaintiff, demonstrating beyond all doubt that she had contributed by her own carelessness to the injuries she sustained. On this appeal we shall quote briefly, but sufficiently, from her testimony to show that her unfortunate fall was certainly due to a lack of proper care on her part as she was walking along Market street at night on her way to her home.

The appellant lived on Mahanoy avenue—the second street south of and parallel to Market street. Her home was about a square and a half southeast of where she fell into the creek. She had lived in Mahanoy City for more than forty-five years, and was thoroughly familiar with that portion of the town through which the creek flowed. For five years her home had been on Market street. On the evening she was injured she left her residence to accompany home a visitor who lived north of Market street. They crossed that street at its intersection with Main street, where the creek was bridged over, and proceeding to Center street—the first street north of Market—turned to the west and walked three squares to Catawissa street, where they separated, the appellant starting to return home. She could have gone safely back by the way she came, or she might have taken two other perfectly safe routes. Each of the three

would have been over lighted streets, but instead of taking a safe route, she proceeded down Catawissa street, and, upon reaching Market street, turned eastward and proceeded a short distance along that unlighted street, with which, however, she was thoroughly familiar. In a moment or two after she entered it she fell into the creek. We now quote from her testimony, indicating most clearly that from the time she entered the street until she fell into the run, she had failed to exercise any care at all, though it was her plain duty to be careful in walking along what she well knew was an unguarded dangerous wall, slightly below the surface of the street: "Q. Was it very dark? A. Yes, it was dark. Q. It was so dark that you could not see the road; you could not see the stone wall? A. I did not look to see it. I did not look to see a stone wall or anything else. I am not saying I did not see it......Q. I say, was it because it was dark that you could not see the stone wall? A. I told you I did not look to see. Q. Did not look to see? A. No, sir. I thought I was right, as I told you before. ......Q. How was it you did not see that stone wall until you were within a foot or a foot and a half back of it? A. I did not look to see it. I told you where I was going. I did not look for a stone wall. Q. But you did know that there was a part of the water course through the town open? A. Yes. Q. That it was closed up on the sides with stone walls and the top was open, you knew that, did you not? A. Yes, sir, I did......Q. Then you went along Water street on the left-hand side going toward Main street without looking to see whether you were at the point where the culvert was open or closed, is that right? A. I told you before I was going to the paved part of the street, and thought I was right and wanted to cross that......A. I was not looking to going into the creek. I did not look for the creek." In the face of the foregoing clear admissions by the plaintiff that she was not looking where she was going, when the duty of doing so rested upon her, the court below would

have erred if it had not held that she had been negligent as a matter of law, and the judgment non obstante veredicto was properly entered: Bobb v. Connellsville Borough, 137 Pa. 42; Lumis v. Phila. Traction Company, 181 Pa. 268; Sickels v. Phila., 209 Pa. 113; Dougherty v. Phila., 210 Pa. 591.

The assignments of error are overruled and the judgment is affirmed.