# Smith v. Shamokin Borough, Appellant.

*Negligence—Boroughs—Defect in street—Icy pavement—Contributory negligence—Alternative safer way—Testing danger.*

1. In an action against a borough to recover for personal injuries sustained by a fall on a defective pavement, the plaintiff is guilty of contributory negligence, and cannot recover, where the evidence shows that he knew the manifestly dangerous condition of the street at the point where he fell, and that he could have used a safer way, which was but a few steps from where he traveled.

Argued May 12, 1920. Appeal, No. 267, Jan. T., 1920, by defendant, from judgment of C. P. Northumberland Co., Dec. T., 1917, No. 47, on verdict for plaintiff in case of J. R. Smith v. Shamokin Borough. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CUMMINGS, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,850. Defendant appealed.

*Error assigned,* among others, was refusal of binding instructions for defendant, quoting record.

*Charles C. Lark,* with him *R. J. Glick,* for appellant.

*J. A. Welsh,* with him *J. Fred Schaffer,* for appellee.

OPINION BY MR. JUSTICE KEPHART, June 26, 1920:

In an action instituted to recover damages for injury sustained by falling on a street of appellant borough, plaintiff, an aged man, charged the borough with negligence in permitting the street to become in a dangerous condition; bricks had been worn through in many places presenting an uneven surface and, on the evening of December 17, 1915, while walking on the pavement of Independence street, one of the main business thoroughfares of the borough, in front of the property of Jennie R. Gable, he stepped on an elevation, caused by the worn condition of the bricks, and slipped and fell, receiving the injury complained of. From a judgment in his favor, the borough appeals, and two questions are presented for our consideration: Was the defendant guilty of contributory negligence, and was the borough guilty of negligence? If the first is answered in the affirmative the second needs no comment.

It is clear, from a summary of all the evidence, that the plaintiff was negligent. The record shows he was thoroughly familiar with the condition of the pavement, its location and its use. He had passed over it several times daily for six months. He knew it was uneven, that the bricks were worn, causing depressions in it, and that in some places the bricks were worn entirely through. He knew this condition of the street just where he fell, and it was to him a manifest danger of such nature that, considering his years, the time of the accident and the weather condition, it should have caused him, as a prudent man, to have refrained from using the way, or to have endeavored to secure a safer way, which was but a few steps from where he traveled. At the time of the accident rain was falling, and sleet and ice were forming on the pavements, causing a slippery condition, and from plaintiff's description of the fall it was caused by

this condition of the street.   So, whether we hold he was traveling on a street known to him to be so manifestly dangerous that a prudent person would have taken another highway, or was testing a danger known to him, taking a chance, or whether the fall was occasioned by slipping on the rapidly forming ice, is immaterial, as in either case plaintiff is not entitled to recover.

It is unnecessary to state the general principles of law which govern a case of this character.   They have been so frequently stated by the court that a reference to some of the authorities will be all that is necessary: see Evans v. Phila., 205 Pa. 193, 194; Lynch v. Erie, 151 Pa. 380, 382; Purcell v. Riebe, 227 Pa. 503, 506; Rothacker v. Phila., 42 Pa. Superior Ct. 408, 413; Dwyer v. Port Allegheny Boro., 216 Pa. 22, 24; Ingram v. Phila., 35 Pa. Superior Ct. 305, 307; Johnston v. Wheatland Boro., 69 Pa. Superior Ct. 172, 174; Haughney v. Mahanoy City Boro., 264 Pa. 482, 484; Lerner v. Phila., 221 Pa. 294, 297.

The judgment of the court below is reversed and it is here entered for the defendant.