## Starovetsky *v.* Pennsylvania Railroad Company, Appellant.

Argued December 6, 1937. Before SCHAFFER, DREW, LINN, STERN and BARNES, JJ.

**584**

*Philip Price,* with him *Barnes, Biddle & Myers,* for appellant.

*Milford J. Meyer,* with him *Robert M. Bernstein* and *Levi, Mandel & Miller,* for appellee.

OPINION BY MR. JUSTICE LINN, January 3, 1938:

Defendant appeals from judgment on a verdict for the death of plaintiff's husband, found lying on defendant's tracks about 3:30 a. m., May 6, 1934, so fatally injured that he died without regaining consciousness. No eye witnesses appeared. The manner of his injury is purely conjectural.

Defendant asserts there is no evidence of negligence and that the record clearly shows decedent's contributory negligence. As we all agree with the second contention, we need not consider the first. Defendant's motion for judgment n. o. v. should have been granted.

Decedent lived in the borough of St. Clair, composed of two collections of houses, one located on the east side of defendant's railway tracks, which extend north and south. The other collection of houses, known as Arnot's Addition, was on the west side of the tracks either on the high bank along the railroad or beyond the bank, the record does not show which. Hancock Street leads from the village on the east side to Arnot's Addition, passes under the defendant's tracks and furnishes a safe way to go from one to the other. Decedent lived on the east side of the tracks and when last seen was on that side at about midnight. The only train that moved on the tracks during the night passed the village

at 2 : 00 a. m.; it is this train which must have injured him. A small station is maintained by defendant at or near the point where Hancock Street passes under the tracks. Decedent was found at a point about 200 feet north of the station. To reach the station and the tracks in front of it, decedent must have left Hancock Street and ascended to the level of the railroad tracks. He was not an intending passenger; was not employed by defendant, and, so far as appears, sustained no relation whatever to the defendant. While it is suggested in appellee's argument that decedent may have been on his way across the tracks on what is alleged to have been a permissive crossing, no one knows what his intention was. If it be assumed that he left Hancock Street and went up to the tracks to cross them on his way to or from Arnot's Addition, a necessary assumption to account on any rational basis for his presence on the tracks, we are at once confronted with the well settled rule of law that one is guilty of contributory negligence in rejecting a safe way, in this case Hancock Street, and, instead, voluntarily choosing one known to be dangerous: *Gara v. P. R. T.*, 320 Pa. 497, 182 A. 529; *Boyd v. Kensington Water Company*, 316 Pa. 522, 175 A. 395; *Kaczynski v. Pittsburgh*, 309 Pa. 211, 163 A. 513; *Levitt v. B/G Sandwich Shops, Inc.*, 294 Pa. 291, 144 A. 71; *Smith v. Borough of Shamokin*, 268 Pa. 170, 110 A. 640; *Purcell v. Riebe*, 227 Pa. 503, 76 A. 212; *Johnson v. Wilcox*, 135 Pa. 217, 19 A. 939; *Forks Township v. King*, 84 Pa. 230; *Reid v. Pa. R. R.*, 121 Pa. Super. Ct. 37, 182 A. 760.

For many years it has been the declared public policy of the Commonwealth to regulate railway and highway crossings. The Public Service Commission was vested with large powers authorizing the separation of such crossings at grade with jurisdiction to impose the cost on the railway company or the local community or both. When the grades have been separated a traveler on foot or by vehicle, may not reject, either for his own con-

venience or other personal reason, the safe way provided pursuant to law and elect to cross the tracks at grade without being guilty of contributory negligence.

It is therefore unnecessary to deal with the indefinite and uncertain evidence relied on to support the existence and location of one or more permissive crossings, and whether decedent was in fact crossing or walking on the tracks when he was injured.

Judgment reversed and entered for defendant.