## King et al., Appellants, *v.* Brillhart.

*Negligence—Automobiles—Pedestrian — Evidence — Absence of sidewalk—Contributory negligence—Case for jury.*

1. A mere collision between an automobile and a pedestrian, does not prove the driver's negligence.

2. To drive into a pedestrian, who is in full view and does not suddenly change his course, is evidence of negligence; as is also a failure to give warning.

3. A case is for the jury where it is sufficient to support a finding that the driver of an automobile came up behind boys, who were in plain sight, and struck them without warning.

4. In the absence of a sidewalk, a pedestrian's rights upon the paved roadway, are equal to those of vehicles.

5. That a pedestrian fails to turn and look back while walking in the street, is not of itself sufficient to convict him of contributory negligence.

*Negligence — Pleading — Statement — Allegata and probata — Waiver—Practice, C. P.—Bill of particulars—Act of May 14, 1915.*

6. There is no variance between allegata and probata where the statement charges negligent management of an automobile, and the evidence tends to show that the driver struck plaintiff in broad

daylight, while in full view, on a straight road, without giving warning.

7. If, in such case, the statement is not in the concise and summary form contemplated by the Act of May 14, 1915, P. L. 483, the defect is waived by defendant's affidavit and going to trial on the merits.

8. Under section 21, of the Act of May 14, 1915, P. L. 483, a defendant may move to strike off an insufficient statement or, if it is too indefinite, may obtain a rule for one more specific. Failing to do either, he will not be entitled to a compulsory nonsuit because of the general character of the statement.

9. The rule entitling a defendant to ask for a bill of particulars has become obsolete under the Practice Act; for every statement drawn in compliance therewith embodies a bill of particulars.

Argued May 16, 1921. Appeal, No. 158, Jan. T., 1921, by plaintiffs, from order of C. P. York Co., Aug. T., 1919, No. 186, refusing to take off nonsuit, in case of Jeremiah King and Elwood J. King, a minor, by his father and next friend, Jeremiah King, v. Robert N. Brillhart. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before Ross, J.

The opinion of the Supreme Court states the facts.

At the trial the court entered a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.

No assignment of error was printed in appellants' paper-book.

*J. A. Hoober,* for appellants, cited: Bloom v. Whelan, 56 Pa. Superior Ct. 277; Lorah v. Rinehart, 243 Pa. 231; Kuehne v. Brown, 257 Pa. 37; Hess v. Kemmerer, 65 Pa. Superior Ct. 247; Reese v. France, 62 Pa. Superior Ct. 128; Cecola v. 44 Cigar Co., 253 Pa. 623; Petrie v. Myers, 269 Pa. 134.

*John J. Bollinger,* for appellee, cited: Diver v. Singer Mfg. Co., 205 Pa. 170; Cressman v. Lakoff, 263 Pa. 567;

Clark v. Lindsay, 7 Pa. Superior Ct. 43; Lee v. Conrad, 1 Whart. 155, 168; Wiest v. Traction Co., 200 Pa. 148; Park v. Kleeber, 37 Pa. 251; Luks v. Ice Co., 267 Pa. 337; Stewart v. DeNoon, 220 Pa. 154; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508; Flanigan v. McLean, 267 Pa. 553.

OPINION BY MR. JUSTICE WALLING, July 1, 1921:

This is an action of trespass by a father and minor son for personal injuries to the latter, whom we shall call the plaintiff. On Sunday afternoon, April 27, 1919, plaintiff, then sixteen years of age, was walking with another boy along the edge of a paved highway in York County, when he was struck and injured by an automobile owned and driven by defendant. The auto was coasting down grade when it overtook and struck the boys, who were near other pedestrians and two automobiles going in the opposite direction. The evidence indicates that defendant saw the boys in ample time to have avoided the accident, but overlooked their presence while passing the two cars and other people; also that he failed to give warning of his approach by sounding the horn or otherwise. It was in broad daylight, the highway was straight, the boys were walking along the edge of the pavement and, so far as appears, did not know of his approach or change their course. In fact, several witnesses testified that, later on the same day, defendant exonerated the boys from blame, and, in effect, said the accident resulted from his own fault. Plaintiff's statement averred in general terms that the direct, immediate and sole cause of the accident was the defendant's careless and negligent operation of the car; also averred that it was being run at an excessive and dangerous rate of speed. To this statement defendant filed an affidavit of defense, denying the charge of negligence and setting up plaintiff's contributory negligence as cause of the accident. The trial court granted a compulsory nonsuit,

and, from its order refusing to take off the same, plaintiff brought this appeal.

The action of the court was error. True, the collision did not prove defendant's negligence (Flanigan v. McLean, 267 Pa. 553; Stearns v. Spinning Co., 184 Pa. 519), but the evidence was such as to require the submission of that question to the jury, who might have found that defendant came up behind the boys, who were in plain sight, and struck them without warning. To drive into a pedestrian, who is in full view and does not suddenly change his course, is evidence of negligence (Petrie v. E. A. Myers Co., 269 Pa. 134; Reese v. France, 62 Pa. Superior Ct. 128), as is also the failure to give him warning: Huddy on Automobiles (5th ed.), p. 533, sec. 432. The trial judge says the evidence tending to prove these facts was not worthy of credit, but that was for the jury. There was no evidence of excessive speed, but the facts and circumstances tend to show negligence in other respects. As stated in the opinion of the court, by Mr. Justice KEPHART, in Anderson v. Wood, 264 Pa. 98, 102, "Speed is not the only element that enters into the question of negligence, and, regardless of it, a car may be under such imperfect control as to amount to negligent operation, and evidence [thereof] would sustain the charge of negligence."

There was no sidewalk and, in its absence, pedestrians' rights upon the paved roadway are equal to those of vehicles: Petrie v. E. A. Myers Co., supra. That a pedestrian fails to turn and look back while walking in the street, is not of itself sufficient to convict him of contributory negligence (Lamont v. Adams Express Co., 264 Pa. 17; Berry on the Law of Automobiles, 2d ed., sec. 217), and no other fact is here shown tending in that direction. So, the question of contributory negligence could not be decided as one of law. In fact, the trial judge did not rule the case against the plaintiff upon that ground.

There was no variance between the allegata and probata. The statement charges negligent management of the car and that is what the evidence tends to establish. True, the former may not be a statement, in a concise and summary form of the material facts upon which the plaintiff relies, as contemplated by section 5 of the Practice Act of May 14, 1915, P. L. 483, but, if not, it was waived by defendant's affidavit to and going to trial upon the merits. Section 21 of the Act (P. L. 487) provides: "The court upon motion may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct." Thereunder, a defendant may move to strike off an insufficient statement, or, if it is too indefinite, may obtain a rule for one more specific. Failing to do either, he will not be entitled to a compulsory nonsuit because of the general character of plaintiff's statement. The rule entitling a defendant to ask for a bill of particulars has become obsolete under the Practice Act, for every statement of plaintiff's claim, drawn in compliance therewith, embodies a bill of particulars. If not so drawn the proper remedy is as above stated.

The judgment is reversed with a procedendo.