## Strasburg Borough v. Alexander.

*Harris G. Arnold* and *John A. Coyle,* for plaintiff.

*F. Lyman Windolph,* for defendant.

GROFF, J., Jan. 19, 1929.—This is an action brought by the plaintiff, the Borough of Strasburg *v.* N. B. Alexander, to recover the sum of $87.35. by reason of the plaintiff borough having placed curbing along the front of the defendant's property in the said borough.

The plaintiff's original statement of claim was filed Feb. 2, 1927, to which an affidavit of defense raising a question of law was filed on Feb. 14, 1927. The questions raised in said affidavit of defense were argued, and on April 16, 1927, an opinion filed by Landis, P. J. The questions of law were decided against the defendant without prejudice to his legal rights. See 40 Lanc. Law Rev. 515. Following the suggestion of the court in the opinion above referred to, the plaintiff, on Nov. 3, 1928, filed an amended statement, amending paragraphs 3, 5 and 6 of his original statement, and on Dec. 15, 1928, plaintiff again amended his statement, amending paragraph 3. These amendments are all under separate backs and are not embodied in one document as an amended statement.

On Sept. 12, 1928, an affidavit of defense to the merits was filed, and later, on Nov. 3, 1928, the plaintiff filed a reply. On Nov. 24, 1928, the defendant

came into court and asked permission to withdrawn the affidavit' of defense filed on the merits of the case, and that he be permitted to file an affidavit of defense raising questions of law to the amended statement of claim.

An examination of the plaintiff's statement discloses that neither the ordinance under which the said curbing was done nor the method provided in said ordinance for assessing the costs of the same is set out in plaintiff's statement, nor is the method by which the cost to defendant was ascertained by the borough set forth sufficiently to enable the defendant to file an affidavit thereto.

We, therefore, feel that the plaintiff's statement is deficient in not setting out this information to which the defendant is entitled; that there is some virtue in the questions of law raised by the defendant, but that the deficiency is not such as would entitle the defendant to a judgment on an affidavit of defense raising a question of law; that the proper practice in cases of this kind, under section 21 of the Act of May 14, 1915, P. L. 483, would be as suggested by the Supreme Court in King et al. *v.* Brillhart, 271 Pa. 301, viz., to move to strike off the insufficient statement, or if it is too indefinite, to obtain a rule for a more specific statement.

We, therefore, decide the question of law against the defendant, but order and direct the plaintiff to file an amended statement setting out the necessary facts upon which his claim is based within fifteen days from the filing of this opinion.

From George Ross Eshleman, Lancaster, Pa.