## Koppenhaver, Appellant, v. Swab.

Argued May 22, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and LINN, JJ.

208

*Paul G. Smith,* for appellant.

*Rhoads & Kelley,* for appellee.

Opinion by Mr. Justice Kephart, June 30, 1934:

Appellant was struck by an automobile driven by appellee and injured. The accident happened on a public road about 8 o'clock in the evening. Appellant had been driving in a southerly direction and stalled in a snow drift at the right side of a straight piece of road, at the top of a slight grade. The drift was occasioned by a snow plow having pushed the bulk of the snow to the sides of a road 30 feet wide, with a 16-foot macadam strip through the center; the berm on either side was between 5 and 6 feet. Appellant's car was at the side of the macadam.

Plaintiff, to extricate himself, borrowed a shovel and lantern from a near-by farmhouse. He placed the lantern to the left of the left rear wheel of his car as a warning to approaching cars. He was ready to move the car when his friend, Hoak, driving in an opposite direction, or northwardly, stopped and offered assistance. Hoak's car was standing in the highway nearly opposite plaintiff's car, leaving a space of from 5 to 8 feet between the

cars. Appellant declined his friend's offer, and, as the latter was about to move away, appellee's car approached from the south, going north. Appellee attempted to negotiate the 5 to 8 feet distance between the two cars. Appellant, who was in the path of the car, was hit by appellee's car.

In this action against appellee it was charged that he drove his car in a reckless manner while passing the cars standing on or along-side the highway, and, in doing so, ran appellant down while he was standing in the highway where he had a right to be. Appellee's contention was that the position of appellant's lights, showing across the highway, obscured Hoak's car so that it could not be seen until he was close to it; nor could he see the lantern. While he was passing between the two cars, appellant suddenly stepped from behind the rear of his own car into the highway and the accident occurred. The case was submitted to the jury who found for appellee. The court below overruled the motion for a new trial and this appeal assigns that ruling as error, with the complaint that the charge of the court was not an adequate presentation of the law.

The action of a trial court in granting or refusing a new trial will not be reversed unless palpable abuse of discretion appears; it will be presumed that discretion has been rightfully exercised unless the contrary is plainly shown: Brandis v. Empire State Life Ins. Assn., 315 Pa. 558. The charge of the court submitted the question of the negligence of both parties to the jury, in a charge which is free from error. The mere fact that a collision occurred did not prove defendant's negligence: Flanigan v. McLean, 267 Pa. 553. There must be some circumstance connected with appellee's actions which convict him of a breach of duty. Excessive speed and negligent operation of the car are charged. Appellee testified his car was going at a moderate rate of speed and that because of appellant's conduct an accident happened. Assuming this statement to be true, as the jury

found, speed was not the only element that would enter into the question of negligence. If appellee had reasonable opportunity to bring his car under control, his failure to do so would have been negligent operation and would have been sufficient to sustain a charge of negligence. This question, however, was fairly submitted to the jury.

If we assume appellee was negligent, there is the further question of appellant's contributory negligence. There was conflicting testimony as to whether plaintiff jumped from behind the rear of his car in front of appellee's car. Appellant contends that he was standing on the right-hand side of the highway close to his car, a place where appellee would not ordinarily travel; that he had a right to be there when appellee ran him down.

It is quite true that a pedestrian's rights upon a paved roadway are equal to those of a vehicle under given circumstances: Petrie v. Myers Co., 269 Pa. 134; King v. Brillhart, 271 Pa. 301. A pedestrian cannot, with impunity, walk or stand on a country roadway in the face of a known approaching vehicle. He must act as a reasonably prudent person would act under like circumstances. While a person on a highway is not bound to anticipate and guard against the negligence of another, and has the right to assume that drivers of vehicles will exercise ordinary care to protect one from injury (Roberts v. Freihofer Baking Co., 283 Pa. 573, 576; Weiss v. Pitts. Rys. Co., 301 Pa. 539, 542), nevertheless a pedestrian walking or standing on a public highway in the country is bound to use reasonable care not only to observe automobiles that are approaching, but to be alert for automobiles approaching from the rear. There is no situation more dangerous to automobilists than a pedestrian walking on a public road at night facing the same direction as the approaching traffic. The glare of approaching headlights should warn him to stand aside; and while drivers should be alert, as great, if not greater, care should be taken by the pedestrian who is freer to

act. Here appellant should have known the situation in which his difficulty had placed others who, too, had a right to use the highway. His friend's car stopped; that necessitated those approaching in that direction to pass around it. Appellant's car threw the light directly across the highway in the rear of his friend's car, thus having a tendency to obscure the danger signal, the rear light. Appellee endeavored to get around that car. The space was not only very narrow, but appellant stepped from behind his own car into the path of this moving vehicle. It cannot be said, as a matter of law, appellant was free from contributory negligence when he directed the lights of his car as he did, and stepped from the rear to rescue the lantern as appellee was approaching.

Appellant urges that there were misstatements of fact in the charge; there were none of the slightest consequence. If there were, the facts should have been called to the court's attention at the close of the charge. Ample evidence sustains the jury's finding that appellant did jump in front of appellee's car. Appellant's misfortune is that the jury did not believe his story.

Judgment affirmed.