## Gara et ux., Appellants, *v.* Philadelphia Rapid Transit Company.

Argued December 4, 1935. Before FRAZER, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Bryan A. Hermes,* for appellants.

*Harry S. Ambler, Jr.,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY MR. JUSTICE DREW, January 6, 1936:

Plaintiffs, husband and wife, instituted this action of trespass against the Philadelphia Rapid Transit Company for injuries to the wife. The jury returned a verdict in their favor. Subsequently judgment n. o. v. was entered for defendant, and it is from this action of the court below that plaintiffs appeal, assigning as error the entry of judgment in defendant's favor.

West Allegheny Avenue runs east and west in the City of Philadelphia. It is 50 feet wide from curb to curb and has two 36-foot sidewalks. There are double car tracks on this street, for eastbound and westbound trolley car traffic respectively. On January 25, 1929, at about eight o'clock in the morning, Mrs. Gara was returning to her home from a store located on West Allegheny Avenue, when the accident giving rise to this suit occurred. She testified that, upon leaving the store, she walked to the curb and looked about. The sidewalk was covered with ice, as was the street between the curb and the car rails. She saw no traffic except an eastbound trolley car, which was standing at the 29th Street intersection. She then walked to the eastbound car rails. Before entering the car rails, according to her own testimony, she again looked and saw the trolley car standing at the 28th Street intersection, some 218 feet distant, and no traffic moving east or west. She then entered the eastbound car rails and proceeded eastward, with her back toward the trolley car. She had reached a point some 171 feet east of the point where she had entered the rails when she was struck by defendant's trolley car.

Viewing the evidence in the light most favorable to plaintiffs, we are of the opinion that Mrs. Gara's contributory negligence was so obvious as to require the judgment n. o. v. entered by the court below. When asked if she knew that the car she had seen at the 28th Street intersection was likely to start up at any time, she answered in the affirmative. It does not appear, however, that she looked back at any time after she entered

the car rails in order to ascertain the progress of the trolley car, which she must have known would overtake her in due time. In Virgilio v. Walker and Brehm, 254 Pa. 241, we said, at page 245: "While conditions have not as yet arisen in any case brought before us where we have felt called upon to rule that it was negligence per se for a pedestrian to traverse a public highway between the regular crossing places, nevertheless, when one does so, he is bound to a high degree of care, and if a pedestrian goes further and deliberately selects the roadway of a city street for the purpose of walking longitudinally thereon, he is obligated to still greater care; in fact, one placing himself in such danger must be most vigilant to look after his own safety." Mrs. Gara's conduct under the circumstances was not that of a reasonably prudent person. She was not suddenly placed in a position of danger. She had two alternatives, a choice of either of which would undoubtedly have avoided the accident. Seeing the trolley car at the corner, she could have remained on the sidewalk until it had passed, or, having decided to proceed in the car rails, she could have walked in the westbound rails; for, according to her own testimony, no traffic was approaching from that direction and the ground between those rails was in as good condition as that between the eastbound rails. In fact, she had walked in the westbound track on the way to the store. Instead of choosing either of these alternatives, she voluntarily left a position of safety and chose one which she must have realized was perilous. Having placed herself by her own act in such a position, she must be deemed to have accepted the attendant risk.

In McGovern v. Union Traction Co., 192 Pa. 344, it was said, at page 347: "There are two classes of cases, considered with regard to this kind of accident [i. e., an accident to a pedestrian who crosses a street before an oncoming car], in which nonsuits are properly entered, first . . . where a person not looking, or claiming to have looked and not to have seen what was manifestly

and unavoidably visible, steps directly in front of a moving car; and, secondly, where a person seeing a clearly impending danger accepts the risk, relying on his own judgment that he can escape it." By her testimony in this case, Mrs. Gara clearly placed herself in this second class. Inattention in an obviously hazardous situation is negligence: see Hawk v. P. R. R., 307 Pa. 214, 220; Clark v. Pgh. Rys. Co., 314 Pa. 404, 406. Cases cited by plaintiffs in support of the contention that she was not a trespasser are beside the point in the case at bar. Even if Mrs. Gara was not a trespasser, her contributory negligence bars recovery. Nor is it relevant to consider whether a sufficient warning was or was not given by the motorman. The accident was caused at least in part by her failure to exercise ordinary care for her own safety, and plaintiffs therefore cannot recover, whether or not the motorman was at fault.

Judgment affirmed.