## Dennis, Appellant, *v.* Munyan.

Argued November 20, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, RHODES and HIRT, JJ.

*Truman Differ Wade,* for appellant.

*Harold K. Wood,* for appellee.

OPINION BY HIRT, J., March 2, 1940:

The verdict for the plaintiff in this case was set aside
by the court below and judgment was entered for the
defendant n. o. v. on the ground that the plaintiff was
chargeable with contributory negligence as a matter of
law.

On the evening of August 24, 1937 plaintiff was walk-
ing westwardly along the north edge of the paved por-
tion of the Lincoln Highway near Downingtown. It
was raining and was dark and misty and the visibility
was poor. While so walking on the pavement, plaintiff
was struck by defendant's automobile which approached
from his rear without warning. This point in the high-
way is in the open country and there were no side-
walks. The earth and cinder berm along the edge of
the pavement, ordinarily was usable by pedestrians as
a walk, but on that occasion, according to plaintiff's
testimony, it was "more wet than the concrete." At
this point the road is straight, and while walking along
the highway plaintiff frequently looked to the rear but
did not observe the defendant's car until just before

he was struck. The defendant was driving at the rate of 30 miles an hour and although his headlights were lighted, he did not see the plaintiff until he was about 22 feet from him. Defendant did not swerve from his course and he struck the plaintiff because he was unable to stop his automobile within that distance.

Defendant clearly was negligent. "It is the duty of a person operating a motor vehicle in the dark to have it under such control as to be able to stop or avoid any obstacle which may present itself within the range of his lights": *Nalevanko v. Marie et al.,* 328 Pa. 586, 195 A. 49. Accordingly, it was defendant's duty to observe the roadway in front of him and if, on account of the rain and mist or from any other cause, the range of his headlights was only 22 feet, the obligation was on him to reduce the speed of his automobile so that he could, if necessary, stop within that limited clear distance ahead: Act of June 22, 1931, P. L. 751, sec. 1002(a). Defendant either drove too fast under the circumstances or he was not giving attention to the roadway in front of him; in either event he was chargeable with negligence.

It seems equally clear that the question of plaintiff's contributory negligence was for the jury: "In the absence of sidewalks the rights of pedestrians upon the highway are equal to those of motor vehicles; and a pedestrian walking along the right side of a paved roadway is not required to turn and look for approaching traffic: *Petrie v. E. A. Myers Co.,* 269 Pa. 134; *King v. Brillhart,* 271 Pa. 301; *Nalevanko v. Marie,* 328 Pa. 586; nor is he required to step off the highway to permit the automobile to pass: *Petrie v. E. A. Myers Co.,* supra. See also *Wilson v. Metropolitan Pet. Corp.,* 324 Pa. 321; and *Derrickson v. Tomlinson,* 326 Pa. 560": *Neidlinger v. Haines,* 331 Pa. 529, 200 A. 581. Under the circumstances the rights of the plaintiff and the defendant, on the highway, were equal, and there was no duty on the plaintiff to make use of the earth berm or shoulder

of the road as a sidewalk, especially since the rain had affected the surface of the berm, making it a less convenient footway: *Petrie v. E. A. Myers Co.*, supra; *Koppenhaver v. Swab*, 316 Pa. 207, 174 A. 393. There is considerable merit in the contention that in this day of permissible high speed of motor vehicles, a pedestrian on the highway, for his own safety, should be required to walk along the left side of the pavement facing oncoming traffic, or where there is a suitable berm or shoulder, to use it as a sidewalk. In improving the roads of the Commonwealth and regulating their uses, perhaps too little consideration has been shown those living in the rural districts who must walk upon the highways. Rules of conduct which will prevent injury would seem to be more to their interest than principles of law which allow compensation for injury after the event. The Neidlinger case, however, is the law in its present state, binding upon us, and applying its principles we find nothing in the conduct of the plaintiff which convicts him of contributory negligence as a matter of law.

In entering judgment n. o. v., the court relied upon *McNeal v. Hettich*, 113 Pa. Superior Ct. 131, 172 A. 157. In that case, however, the pedestrians were walking along the highway within the Borough of Towanda with their backs towards oncoming traffic. The distinguishing fact in that case is that there was a sidewalk along the highway in the Borough. Where there are sidewalks along the highway, the drivers of vehicles may assume that pedestrians will use them. Because they were walking along the highway between crossings, with the choice of using the sidewalk, they were obliged under the law to be most vigilant for their safety. Since the plaintiffs in that case, according to their own testimony, walked heedlessly and without any attempt to observe approaching traffic and without exercising any precaution for their safety they were barred from recovery by their negligence. They did

not observe the higher degree of care imposed upon them. The conclusions in that case, therefore are neither controlling, nor applicable to the facts presented in this appeal. The present case, also, is distinguished from *Skodis v. Phila. R. T. Co.,* 103 Pa. Superior Ct. 533, 158 A. 587, on its facts. The rights of a pedestrian walking along a street car track are inferior to those of the railway company and in that case it was held that plaintiff was negligent in failing to walk to the left of the street car track facing vehicular traffic.

Reversed and judgment directed to be entered for the plaintiff on the verdict.