## Christopher *v.* General Baking Company, Appellant.

Argued January 5, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*George H. Detweiler,* for appellant.

*Raymond Pace Alexander,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, January 29, 1943:

Between one and two o'clock of a January morning, the weather being cold and drizzly, plaintiff was walking west on Lancaster Pike from its intersection with County Line Road in Bryn Mawr. At that point the highway is forty feet wide, with four lines of travel, two east and two west, the outer ones of concrete and the inner of macadam or amosite. On the north side there is a curb six inches high and four wide. To the

north of the curb is a space three to four feet in width, bordered by a stone wall and consisting of a sloping, earthen embankment which is covered to some extent with trees and shrubbery, so that, while ordinarily passable, it is scarcely adapted for walking and on this occasion was muddy and "sloppy". On the south side of the pike there are disconnected stretches of hardsurfaced sidewalk, one of which begins at a point about 200 feet west of County Line Road and extends westwardly to Lowry's Lane in Rosemont.

It was plaintiff's object to catch a bus to Wayne. He was carrying a suitcase, and, after standing for a few minutes at County Line Road, he felt chilled and started to walk west along the north side of the highway, keeping to within two or three inches of the curb. From County Line Road to Lowry's Lane the road is almost continuously upgrade. His reason for walking along the north edge of the pike was to enable him to hail and board a westbound bus. As he was nearing Lowry's Lane he heard a vehicle coming from behind. He turned and saw that it was about a "block" away but could not discern whether it was a bus, so continued onward. Again he turned, saw that it was then about a "half block" to the rear and that it was not a bus, and resumed his walk up the hill. Looking back a third time he saw it was now about 65 or 70 feet away, but also six or eight feet to the south, its left wheels being near the center of the road. He again started to walk on, but, its lights shining suddenly upon him, he glanced back a fourth time and as he did so was struck on his left shoulder by the vehicle, which turned out to be a tractortruck with a trailer, and which, according to his story, must have swerved sharply to the north side of the road. He was severely injured and brought suit to recover damages. The jury awarded him a verdict and the court refused a motion for judgment n. o. v. Defendant's version of the accident was quite different, but, for purposes of this appeal, the account given by plaintiff must be accepted as true.

The sole question now presented is whether the court should have declared plaintiff guilty of contributory negligence as a matter of law. Was he negligent, first, because he walked in the roadway instead of on the sidewalk which was on the south side of the highway; or second, because he walked with his back to vehicular traffic instead of facing it; or third, because, after his final glance at the oncoming vehicle, he neither kept watching it until it passed nor stepped over the curb into a place of safety?

Even if a sidewalk or side path is provided it is not contributory negligence per se, regardless of circumstances, for a pedestrian to walk longitudinally in the roadway.[1] Although to do so, without any special reason, in the built-up section of a city might well be considered as constituting such negligence, the standard of duty necessarily varies with the circumstances; thus the sidewalk may be temporarily obstructed by snow or ice, or it may be out of repair. Moreover, the situation is naturally different in the open country, where it may be more difficult, and not the custom, to walk on a dirt or gravel shoulder of the road. In the present case, while plaintiff admits that he knew of the existence of the sidewalk on the south side of the pike, it was not a continuous one, and for the first two hundred feet of his journey he would in any event have been obliged to use the roadway. If, after walking that distance, he had proceeded across the road and then continued on the sidewalk, he might not have been able to distinguish a bus as it approached and might have been obliged to run across the road in the face of both east and west bound traffic in order to attract in time the attention of the

---

[1] See *Hall v. Albertie*, 118 Atl. 189 (140 Md. 673) ; *Cipriano v. Casalla*, 130 Atl. 885 (3 N. J. Misc. 1174) ; *Matulis v. Gans*, 141 Atl. 870 (107 Conn. 562) ; *Cole v. Wilson*, 143 Atl. 178 (127 Me. 316) ; *Peterson v. Meehan*, 163 Atl. 757 (116 Conn. 150) ; *McKenna v. Lynch*, 233 S. W. 175 (289 Mo. 16) ; *Cotten v. Stolley*, 248 N. W. 384, (124 Neb. 855) ; *Raymond v. Hill*, 143 P. 743 (168 Cal. 473) ; *Devecchio v. Ricketts*, 226 P. 11 (66 Cal. App. 334).

operator. He was not walking to any definite point but only for the uncertain distance in which a bus might overtake him. While there was testimony that no busses ran to Wayne at that hour, it was not shown that he was aware of that fact. The trial judge properly left it to the jury to say whether, under all the circumstances, plaintiff was justified in walking in the roadway,—a question which could not have been determined as a matter of law.

Whether plaintiff should have faced vehicular traffic instead of walking with his back to it was likewise a question for the jury. While it has frequently been stated that the former method is the safer one, it has never been ruled that to follow it is a duty made mandatory by the law.[2] Moreover, since the sole object of facing traffic is to be better able to observe approaching vehicles, and since in this case plaintiff saw the truck at least three times before it struck him the fact that he walked with his back to traffic did not contribute in any way to the happening of the accident.

Plaintiff having seen the truck 65 or 70 feet away, should he have kept watching until it passed him, or at least have stepped over the curb onto the side embankment? The case on this point is not like that of *Copertino v. Chrobak*, 346 Pa. 49, 29 A. 2d 504, where a workman, stepping onto the roadway when an oncoming automobile was 200 feet away, turned his back on it and paid no further attention to it; there the automobile was approaching directly in the path where he was standing, while here, the truck, when seen only 65 or 70 feet away,

---

[2] See *Petrie v. E. A. Myers Co.*, 269 Pa. 134, 112 A. 240; *King v. Brillhart*, 271 Pa. 301, 114 A. 515; *Koppenhaver v. Swab*, 316 Pa. 207, 210, 174 A. 393, 394; *Gara v. Philadelphia Rapid Transit Co.*, 320 Pa. 497, 182 A. 529; *Neidlinger v. Haines*, 331 Pa. 529, 200 A. 581; *Skodis v. Philadelphia Rapid Transit Co.*, 103 Pa. Superior Ct. 533, 158 A. 587; *Haines v. Fitzgerald*, 108 Pa. Superior Ct. 290, 292, 165 A. 52, 53; *McNeal v. Hettich*, 113 Pa. Superior Ct. 131, 172 A. 157; *O'Leary v. Willis*, 131 Pa. Superior Ct. 578, 200 A. 125; *Dennis v. Munyan*, 139 Pa. Superior Ct. 310, 11 A. 2d 566.

was six or eight feet out in the road, and, as there was no apparent reason for it to change its course, plaintiff did not seem to be in any danger with regard to it; at least it was for the jury, not the court, to determine whether he acted as a reasonably prudent person in assuming that the truck would continue, for the short intervening distance, in the line of travel in which it was then moving.

It follows from what has been said that the motion for judgment n.o.v. was properly overruled.

Judgment affirmed.

Mr. Justice PATTERSON notes his dissent and would hold plaintiff guilty of contributory negligence as a matter of law.