Gilbert *v.* Stipa, Appellant.

Argued September 28, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Samuel B. Fortenbaugh, Jr.,* with him *William K. Given, Jr.,* and *Shields, Clark, Brown & McCown,* for appellant.

*Victor Frey,* with him *Philip A. Campbell* and *Frey & Campbell,* for appellee.

OPINION BY RHODES, J., March 2, 1945:

Plaintiff obtained a verdict for personal injuries; defendant contends that plaintiff should have been held guilty of contributory negligence as a matter of law. Defendant has appealed from the judgment entered on the verdict, and assigns as error the refusal of his motion for judgment n. o. v.

Plaintiff was walking south in the cartway of Fifth Street, Philadelphia, during the early morning of January 27, 1943, when he was struck and injured by defendant's automobile which was being driven by defendant in the same direction. The accident occurred about 6 A. M. It was still dark and had been snowing since 1 A. M. At the time there was sleet and snow to a depth of at least three inches. Plaintiff, seventy-one years of age at the time of the accident, was on his way to board a trolley car to take him to the place of his employment at Indiana Avenue and Franklin Street. He had walked east on the north side of Sixty-fourth Avenue to Fifth Street where he entered the west cartway of Fifth Street and walked south toward Chelten Avenue. The snow had been removed from the cartway of Fifth Street. The sidewalk on the west side of Fifth Street, part of which ran along a large vacant lot, had not been cleaned, but was covered with snow and sleet. In walking in the cartway plaintiff stayed over on the west side as far as he could without getting into the deep snow between the cartway and the sidewalk, which had been thrown up by the snow plows. He had proceeded about 100 feet south when he was struck by defendant's automobile. There was sufficient space on plaintiff's left for three automobiles to pass him, and no other cars were in sight at the time. Although it was still dark there was a street light nearby. Plaintiff was wearing a black overcoat, which made him more

visible against the snow. He said he could see people walking a block away. Defendant's automobile, which approached plaintiff from his rear, struck him without warning. Defendant saw plaintiff for only a "split second" before hitting him. Defendant had been obliged to stop his car twice to clear his windshield of snow, the last time being about five minutes before the accident. But it had "clouded up again." Plaintiff's reason for walking in the cartway was that the sidewalk "was full of snow," and he observed that everybody "was walking in" the cartway. Plaintiff also testified that on account of the snow one could not get from the curb to the sidewalk.

We are of the opinion that, accepting the account given by plaintiff, he cannot be held guilty of contributory negligence as a matter of law. It was not contributory negligence per se for plaintiff to walk longitudinally along the edge of the cartway in the same direction as traffic was proceeding. *Christopher v. General Baking Co.*, 346 Pa. 285, 287, 30 A. 2d 124. In the *Christopher* case plaintiff was struck by defendant's truck while walking west on the north side of the Lancaster Pike in Bryn Mawr. The weather was cold and drizzly. The plaintiff was walking along the road to keep warm while looking for a bus; there was no sidewalk along part of the roadway at the place of accident. The Supreme Court, in holding that the plaintiff was not contributorily negligence as a matter of law, said (346 Pa. 285, at page 287, 30 A. 2d 124, at page 125) : "Even if a sidewalk or side path is provided it is not contributory negligence per se, regardless of circumstances, for a pedestrian to walk longitudinally in the roadway. Although to do so, without any special reason, in the built-up section of a city might well be considered as constituting such negligence, the standard of duty necessarily varies with the circumstances; thus the sidewalk may be temporarily obstructed by snow or ice, or it may be out of repair."

4

In the case before us the obstruction of the sidewalk by snow and sleet along the vacant lot on the west side of Fifth Street between Sixty-fourth Avenue and Chelten Avenue on the one hand, and the clear cartway on the other, may very well be said to constitute a special reason for walking in the cartway. In the *Christopher* case it was also pointed out that walking with instead of against the traffic was not contributory negligence per se. The Supreme Court said (346 Pa. 285, at page 288, 30 A. 2d 124, at page 126): "Whether plaintiff should have faced vehicular traffic instead of walking with his back to it was likewise a question for the jury. While it has frequently been stated that the former method is the safer one, it has never been ruled that to follow it is a duty made mandatory by the law."

The present record contains no testimony by plaintiff that he did not look back for traffic approaching from the rear. Where there are no sidewalks the rights of pedestrians upon the highway are equal to those of motor vehicles, and a pedestrian walking along the right side of a paved roadway is not required to turn and look for approaching traffic. *Dennis v. Munyan,* 139 Pa. Superior Ct. 310, 312, 11 A. 2d 566. Consequently, under the accepted facts, we cannot say that plaintiff was guilty of contributory negligence as a matter of law when he walked on the extreme right side of the cartway with vehicular traffic. Of course, a pedestrian must use due care for his safety; but it does not appear that plaintiff was not duly observant, and the question of his possible contributory negligence was thus for the jury. We think it may be said that if plaintiff had seen defendant's automobile approaching he might have assumed, under the circumstances which he described, that defendant would see him and pass to plaintiff's left and not strike him without warning.

Defendant's negligence is apparently conceded for the purpose of this appeal, as he does not here contend that he was not negligent. He failed to stop within the

assured clear distance ahead. *Hutchinson v. Follmer Trucking Co.*, 333 Pa. 424, 428, 5 A. 2d 182; *Weibel v. Ferguson*, 342 Pa. 113, 19 A. 2d 357.

Judgment of the court below is affirmed.