## Bockstoce et ux. *v.* Pittsburgh Rwys. Co., Appellant.

Argued April 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Leo A. Nunnink,* with him *James R. McNary,* for appellant.

*J. Thomas Hoffman,* with him *N. J. Lippard,* for appellees.

OPINION BY ROSS, J., July 19, 1946:

This is a trespass action brought by a husband and wife to recover for personal injuries incurred by them

when struck by a street car of defendant company. The jury returned a verdict for the husband in the amount of $2459.05 and for the wife in the amount of $500.00. Defendant moved for judgment n. o. v. on the ground that the plaintiffs were guilty of contributory negligence and for a new trial on the ground that the verdicts were excessive. Both motions were refused by the court below, and this appeal was taken.

The plaintiffs, while walking longitudinally on Willow Avenue in the Borough of Castle Shannon, were injured at 10:35 p.m. on December 6, 1943, when struck from the rear by one of defendant's interurban street cars. At the place of the accident Willow Avenue, a public street 100 feet wide, is constructed on three levels. The roadway on the upper level is paved with cinders and at a level eight feet below this roadway there is another roadway paved with concrete on which there are double street car tracks. This roadway extends approximately 12 inches on each side of the outer rail of the double tracks. Three feet below this concrete roadway is another concrete roadway which, according to the testimony, "isn't safe to walk on because there are too many machines" . . . "hardly anyone walks down there". The upper and center roadways are connected by steps at a point opposite the plaintiffs' home, which was their destination on the night of the accident. If the plaintiffs had used the lower roadway, it would have necessitated their travelling an additional 500 feet along it, going through an underpass and retracing their steps 500 feet along the *upper* roadway. Consequently, to reach their home the plaintiffs had to choose between the upper and center roadways. The plaintiffs, from the point where the highway separates into the three levels above described, proceeded on the center roadway, walking on the outbound track. After going approximately 250 feet on this track, they saw a car approaching on that track, stepped on the inbound track, and while walking there were struck from the rear by a street car travelling in the same direction.

It was not contributory negligence per se for the plaintiffs to walk longitudinally on the roadway on which the defendant's tracks were located, (*Gilbert v. Stipa,* 157 Pa. Superior Ct. 1, 41 A. 2d 284), although when doing so they were required to exercise a high degree of care and the court below so charged the jury. According to the testimony, there were no sidewalks along Willow Avenue, but even if a sidewalk is provided it is not contributory negligence per se, regardless of circumstances, for a pedestrian to walk longitudinally on a roadway, the standard of duty varying with the circumstances. *Christopher v. General Baking Co.,* 346 Pa. 285, 30 A. 124. In *Gara et ux. v. Philadelphia Rapid Transit Co.,* 320 Pa. 497, 182 A. 529, the plaintiff, while walking longitudinally on the tracks, was struck by the defendant's trolley car, and the Supreme Court held that under the facts in that case she was guilty of contributory negligence as a matter of law. However, she was held guilty of such negligence not because she walked on the tracks but because she walked on them *carelessly.* She had observed the approach of the trolley car in the same direction in which she proceeded and it did not appear that she looked back at any time after she entered the car rails in order to ascertain the progress of the trolley car. Where a person voluntarily leaves a position of safety and proceeds in the face of a known impending danger, he will be deemed to have accepted the attendant risk. Inattention in an obviously hazardous situation is negligence. *Hawk v. P. R. R.,* 307 Pa. 214, 160 A. 862; *Clark v. Pittsburgh Railways Co.,* 314 Pa. 404, 171 A. 886.

According to the testimony in the instant case, before the plaintiffs stepped from the outbound track on to the inbound track, on which they were struck, they looked back and saw nothing on the latter; that they looked back three or four times while traversing 100 feet; that there was no headlight on the street car and a curtain back of the motorman hid the lights, if any,

which were lit in the street car; and that they did not see the car until too late to escape being struck.

In support of its motion for judgment n. o. v., the defendant endeavors to bring the facts of the case at bar within the rule of those cases which hold that a person who is faced with a choice of two routes, one of which is safe and the other subject to risks and dangers, must choose the former or otherwise assume the risk of being contributorily negligent as a matter of law. *Levitt v. B/G Sandwich Shops Inc.*, 294 Pa. 291, 144 A. 71; *Kaczynski v. Pittsburgh,* 309 Pa. 211, 163 A. 513; *Tharp v. Pennsylvania Railroad Co.,* 332 Pa. 233, 2 A. 2d 695. This principle is applicable where the difference between safety and danger is recognizable and where one may make a choice between two ways, one safe and one dangerous. It does not apply to the facts in this case. According to the testimony, neither the upper nor the center roadway was absolutely safe and the use of either entailed certain risks. The upper road, although paved with cinders, was full of holes and ruts varying in size "some about three feet round and six or eight inches deep" and "you cannot see the holes at night", and at the time of the accident it was dark, rainy and foggy. Thus the plaintiffs were limited to the choice of two routes, neither of which was free from danger and whether they were negligent in selecting and using the one they did was a question of fact for the jury.

In *Gilmartin v. Lackawanna Val. Rapid Transit Co.,* 186 Pa. 193, 40 A. 322, relied upon by appellant, the plaintiff had a choice between two routes, one fraught with danger and the other safe although "dusty". In holding her guilty of contributory negligence the Supreme Court, speaking through Mr. Justice FELL, at page 197, stated, "With the whole street open to her she (the plaintiff) undertook to walk on the track, solely for her own *convenience* . . . Fully conscious of her peril, she voluntarily and needlessly remained in a place of unusual danger, taking the chance of reaching her home be-

fore she was overtaken by the car, or of seeing it in time to step off the track." (Italics supplied.)

A person will not be held guilty of negligence as a matter of law unless the evidence is clear and unmistakable. *Murphy v. Bernheim and Sons, Inc.*, 327 Pa. 285, 194 A. 194; *Schildnecht v. Follmer Trucking Co.*, 330 Pa. 550, 199 A. 220. On the motion for judgment n. o. v., the testimony should not only be read in the light most advantageous to plaintiffs, all conflicts therein being resolved in their favor, but they must be given the benefit of every inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence, including evidence produced upon both sides, and judgment n. o. v. should only be entered in clear cases. *Kissinger et al. v. Pittsburgh Railways Co.*, 119 Pa. Superior Ct. 110, 180 A. 137. We are of the opinion that the learned court below did not err in refusing appellant's motion for judgment n. o. v.

The verdict for the husband in this case includes medical expenses for him and his wife ($190), hospital expenses for both ($220), loss of wages ($500), loss of wife's services, pain and suffering, and loss of future earnings. He was confined to the hospital for ten days and required medical attention for several months thereafter. He suffered numerous lacerations and contusions, a fracture of one of the metacarpal bones of his right hand and a permanent impairment of hearing in one of his ears. He is a painter by trade and, as a result of his injuries, was unable to work for two months, and testified that since the accident he is unable to paint at high altitudes. The wife suffered multiple lacerations of the face, contusion of both knees, and various other contusions of the body. She was in the hospital for 16 days and under a doctor's care for several weeks thereafter, during part of which time she was confined to bed.

It is the duty of the trial court, in the first instance, to control the amount of the verdict rendered by the

jury. An appellate court will reverse the trial court for approving the amount of a verdict only where this course is imperative, and where the verdict evidences such a clear abuse of discretion on the part of the trial court as shocks the appellate court's sense of. justice. *King v. Equitable Gas Co.*, 307 Pa. 287, 161 A. 65; *Heaver v. Philadelphia Rapid Transit Co.*, 120 Pa. Superior. Ct. 520, 183 A. 110. The amount must not only be greater than that which the court would have awarded, but so excessive as to offend the conscience of the court. *Filer v. Filer*, 301 Pa. 461, 152 A. 567. In short, the imperative test of the excessiveness of the verdict is whether it shocks the sense of justice of the court. *Fasick v. Byerly*, 331 Pa. 85, 200 A. 1. We are of the opinion that the verdicts in this case, measured by these tests, cannot be called excessive, and the lower court did not abuse its discretion in refusing defendant's motion for a new trial on the ground that the verdicts were excessive.

Judgments affirmed.