### PICKLE et al. v. TRIMMEL.
#### Civ. A. No. 3764.

United States District Court
M. D. Pennsylvania.

Aug. 31, 1951.

See also, 93 F.Supp. 823.

Martin H. Philip, of Philip & Philip, Palmerton, Pa., for plaintiff.

Frank X. York, Mauch Chunk, Pa., Raymond Bialkowski, of Bialkowski, Bialkowski & Bialkowski, Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action by plaintiff under the Pennsylvania "Wrongful Death" Statutes [1] and the Pennsylvania "Survival" Statute [2] to recover damages for the death of Frank B. Pickle, her husband. At the trial of the action, after plaintiff had completed the presentation of her evidence, the Court granted defendant's motion for dismissal on the ground that upon the facts and the law the plaintiff had shown no right to relief. Plaintiff has now moved to set aside the order of dismissal and to grant a new trial.

The questions before the Court are:

Was the question of defendant's negligence a question for the jury and not one for the Court to decide as a matter of law?

Was the question of decedent's contributory negligence a question for the jury and not one for the Court to decide as a matter of law?

[1]. Act of April 15, 1851, P.L. 669, 12 P.S. § 1601; and Act of April 26, 1855, P.L. 309, as amended, 12 P.S. § 1602.

[2]. Act of July 2, 1937, P.L. 2755, 20 P.S. c. 3 Appendix, § 772.

■ In order to determine whether or not the case should have been presented to the jury, the Court is obliged to view the evidence and all reasonable inferences therefrom, in a light most favorable to the plaintiff. Szukics v. Ruch, 1951, 81 A.2d 903, 367 Pa. 646.

On June 8, 1949, at or about 9:30 P. M., the decedent, a man 64 years of age, was walking in a westerly direction on West Patterson Street in Lansford, Pennsylvania, when he was hit from the rear by defendant's automobile, which was also traveling in a westerly direction. The decedent apparently was walking to his home, which was located on the north side of West Patterson Street, about one block west of the scene of the accident.

West Patterson Street is the main street leading from Lansford to Coaldale and is a two lane concrete highway 18 to 20 feet wide, with a black macadam berm about 18 inches wide adjacent to the north lane. There is a slight incline in the highway as you approach the place of the accident in a westerly direction from the intersection of West Patterson and Courtwright Streets. On the south side of the highway, beginning at the intersection of West Patterson and Courtwright Streets, there was a continuous paved sidewalk, which ran along the length of the Lansford Stadium for a block, and continued on for another block. On the north side of the highway there was no paved sidewalk, merely a dirt or gravel bed extending approximately 15 feet in width from the edge of the highway to a vacant lot to the north.

At some time prior to the date of the accident, a trench was dug on the north shoulder of West Patterson Street for the purpose of laying a new water main. The trench began at a point 4 to 6 feet west of the intersection of West Patterson and Courtwright Streets and ran parallel with the highway for about half a block, extending beyond the place of the accident. The trench was approximately 3 feet in width and located about one foot north of the edge of the macadam berm. The trench, however, had been filled in a day or two before the accident, and according to plaintiff's witness was "still loose".

John R. Duke, one of plaintiff's witnesses, prior to and at the time of the accident, was standing on the north side of West Patterson Street and about 10 feet west of the intersection of West Patterson and Courtwright Streets. He observed the decedent walk by him and stated that the decedent was walking in a manner so that one foot was on the macadam berm and one foot was on the concrete. He did not vary his course, but continued to walk westwardly in a straight direction for about 25 or 30 feet, at which point he was hit from the rear by defendant's automobile.

The defendant was traveling in a westerly direction toward his home in Coaldale. He stated he was traveling at a speed of 25 miles per hour, which was the speed limit on West Patterson Street. The headlights of his automobile were on, and he admits seeing the decedent walking on the highway when he was 60 to 80 feet away. Because of the approach of an automobile from the opposite direction, defendant momentarily took his eyes off the decedent. When he next observed the decedent, he was only 3 to 4 feet away. Defendant swerved to the left to avoid hitting him, but struck the decedent with the right front fender and headlight portion of his automobile. After the impact, defendant's automobile traveled 27 feet before coming to a stop. The defendant admits he did not sound his horn.

Plaintiff's witness, John R. Duke, on cross-examination, stated that defendant was traveling on the right side of the highway with his right wheels about 4 feet in from the edge of the concrete, and that defendant continued to occupy such a position on the highway at the time he swerved left in an attempt to avoid hitting the decedent. On re-direct examination, the witness changed his testimony somewhat, placing defendant's right wheels about 2 feet in from the edge of the concrete.

■ It appears to the Court that a reasonable doubt does exist as to the inferences that may be drawn from the oral evidence presented at the trial and that the defendant's negligence was there-

fore a question for the jury. Though the accident itself does not determine defendant's negligence, the evidence was such as to require the submission of that question to the jury. In the case of King et al. v. Brillhart, 1921, 271 Pa. 301, 114 A. 515, 516, the Supreme Court of Pennsylvania stated, "To drive into a pedestrian, who is in full view, and does not suddenly change his course, is evidence of negligence * * *." Whether or not the evidence tending to prove these facts was worthy of credit was properly for the jury to decide.

The more vital question, however, is the presence or absence of negligence on the part of the decedent himself, and more specifically, whether the Court could find such as a matter of law. Contributory negligence will be declared as a matter of law only when it is so clear that there is no room for fair and reasonable disagreement as to its existence. Szukics v. Ruch, supra.

It is a well established rule of law in Pennsylvania that in the absence of sidewalks it is not negligence for one to walk along the paved portion of a rural highway, for the rights of pedestrians upon such a highway are equal to those of motor vehicles. Neidlinger et ux. v. Haines, 1938, 331 Pa. 529, 200 A. 581; King et al. v. Brillhart, supra; Petrie v. E. A. Myers Co., 1920, 269 Pa. 134, 112 A. 240. Nor is the pedestrian walking along the right side of the paved roadway required to turn and look for approaching traffic, or step off the highway to permit the automobile to pass. Dennis v. Munyan, 1939, 139 Pa.Super. 310, 11 A.2d 566. Whether the pedestrian should face vehicular traffic instead of walking with his back to it is likewise a question for the jury. While it has frequently been stated that the former method is the safer one, it has never been ruled that to follow it is a duty made mandatory by law. Christopher v. General Baking Co., 1943, 346 Pa. 285, 30 A.2d 124.

The same rules do not apply, however, when there are paved sidewalks present upon which the pedestrian can walk with safety. In the case of Virgilio v. Walker & Brehm, 1916, 254 Pa. 241, 98 A. 815, 816, the Supreme Court of Pennsylvania said, "If a pedestrian * * * deliberately selects the roadway of a city street for the purpose of walking longitudinally thereon, he is obligated to still greater care; in fact, one placing himself in such danger must be most vigilant to look after his own safety".

In McNeal v. Hettich, 1934, 113 Pa. Super. 131, 172 A. 157, the Plaintiffs, shortly after midnight, were walking on the sidewalk in the borough of Towanda, but left it to walk in the cartway. They were hit from the rear by defendant's vehicle. Though there was evidence from which the jury could find the defendant negligent, the Pennsylvania Superior Court reversed the judgment found in favor of the plaintiffs and entered judgment for the defendant on the ground that plaintiffs were contributorily negligent as a matter of law. The Court stated, "The borough sidewalk afforded them a place to walk free of harm. At this hour of the night, under unfavorable weather conditions, they voluntarily left a place of assured safety and went on a highway they knew to be dangerous. * * *"

The Pennsylvania Superior Court distinguished the Petrie and King cases, supra, wherein the court refused to find the pedestrians using the roadway contributorily negligent, on the ground that both cases involved country roads and where there were no sidewalks for the pedestrians to walk on.

In Dennis v. Munyan, supra, wherein the Pennsylvania Superior Court refused to find the plaintiff pedestrian guilty of contributory negligence as a matter of law, the Court discussed the McNeal case and stated, "The distinguishing fact in that case is that there was a sidewalk along the highway in the Borough. Where there are sidewalks along the highway, the drivers of vehicles may assume that pedestrians will use them. Because they were walking along the highway between crossings, with the choice of using the sidewalk, they were obliged under the law to be most vigilant for their safety". [139 Pa. Super. 310, 11 A.2d 568.]

It has been ruled, however, that even if a sidewalk is provided it is not contributory negligence per se, regardless of circumstances, for a pedestrian to walk longitudinally in the roadway. Christopher v. General Baking Co., supra; Bockstoce v. Pittsburgh Ry. Co., 1946, 159 Pa. Super. 237, 48 A.2d 126; Gilbert v. Stipa, 1944, 157 Pa.Super. 1, 41 A.2d 284. Although to do so, without any special reason, in the built up section of a city might well be considered as constituting such negligence, the standard of duty necessarily varies with the circumstances, thus the sidewalk may be temporarily obstructed by snow or ice, or it may be out of repair. Christopher v. General Baking Co., supra.

And so it was held in the Christopher case, that plaintiff was not contributorily negligent in walking on the north side of the Lancaster Pike when there was a sidewalk running along the south side of the highway. The Supreme Court of Pennsylvania pointed out that the sidewalk was not a continuous one, but rather a disconnected one and would have required the plaintiff to use the roadway for at least part of the distance. Furthermore, plaintiff was intent on hailing a bus and had he walked on the sidewalk the Court stated, "he might not have been able to distinguish a bus as it approached and might have been obliged to run across the road in the face of both east and west bound traffic in order to attract, in time, the attention of the operator. He was not walking to any definite point but only for the uncertain distance in which a bus might overtake him. * * * The trial judge properly left it to the jury to say whether, under all the circumstances, plaintiff was justified in walking in the roadway,—a question which could not have been determined as a matter of law". [346 Pa. 285, 30 A.2d 125.]

In Gilbert v. Stipa, supra, the Pennsylvania Superior Court also refused to find plaintiff contributorily negligent as a matter of law when he walked in the cartway of a street in Philadelphia and not on the sidewalk. The sidewalk was covered with snow and sleet to a depth of 3 inches, while the cartway was cleared. The Court said, "In the case before us the obstruction of the sidewalk by snow and sleet along the vacant lot * * * on the one hand, and the clear cartway on the other, may very well be said to constitute a special reason for walking in the cartway". [157 Pa.Super. 1, 41 A.2d 285.] In O'Leary v. Willis, 1938, 131 Pa.Super. 578, 200 A. 125, the Pennsylvania Superior Court also refused to find plaintiff contributorily negligent as a matter of law for walking in the cartway when the sidewalks were covered with snow, drifted in places to a depth of 5 feet.

The facts in the instant case, however, fail to disclose any compelling circumstances as were present in the cases referred to. The testimony shows that there was a continuous paved sidewalk running along the south side of West Patterson Street, and extending for a distance of 2 blocks from the intersection of West Patterson and Courtwright Streets. The decedent was walking to a definite point, namely, his home located on the north side of West Patterson Street. The paved sidewalk, though on the opposite side of the street, extended beyond the home of the decedent and offered the decedent a safe and convenient means of passage to his home. There was no evidence that the paved sidewalk was broken or otherwise unsafe for walking, and the sidewalk was free of ice and snow.

The Court finds that the record is void of any extenuating circumstances which might have made it reasonable for the decedent to select the roadway for his path of travel, and thus expose himself to the perils of vehicular traffic, rather than the paved sidewalk which offered him safety and ease of travel.

The decedent having been faced with a choice of two routes, one of which was the paved sidewalk, and the other the highway, when he chose the latter he exposed himself to the risk of being contributorily negligent as a matter of law, for it is a well settled rule of law that one is guilty of contributory negligence in rejecting a safer way, and voluntarily choosing one known to be dangerous. Starovetsky v. Pennsylvania R. R. Co.,

1938, 328 Pa. 583, 195 A. 871; Bockstoce v. Pittsburgh Ry. Co., supra.

The decedent was contributorily negligent and there is no room for fair and reasonable disagreement as to its existence and therefore he was contributorily negligent as a matter of law.

An appropriate order denying plaintiff's motion to set aside the order of dismissal and to grant a new trial will be filed herewith.